[S. F. No. 2678.   Department Two. — March 19, 1901.]

In the Matter of the Guardianship of the Estate and Person of
BRIDGET DEGNAN, an Incompetent Person.   BRID-
GET DEGNAN, Appellant, v. THOMAS P. DEGNAN,
Guardian, Respondent.

APPEAL — DISMISSAL AT APPELLANT'S REQUEST — MOTION OF RESPOND-
ENT'S ATTORNEYS. — Though the orderly and courteous manner of
moving to dismiss an appeal is by the appellant, through his or her
attorney, or substituted attorney, yet the right of the appellant to
dismiss the appeal will not be denied because the motion is made
by respondent's attorneys, upon affidavits showing the desire of the
appellant for such dismissal, where the attorney taking the appeal
has no special contract or charge upon the property in controversy.

ID. — SUGGESTION OF UNPROFESSIONAL CONDUCT OF ATTORNEY. — A sug-
gestion of impropriety or unprofessional conduct of one of the at-
torneys connected with the matter of the motion of the respondent's
attorneys to dismiss the appeal, cannot be considered, upon the
motion, or at all, except upon the preferment of charges properly
formulated.

MOTION to dismiss an appeal from an order of the Superior
Court of the City and County of San Francisco appointing a
guardian of an alleged incompetent person.   James M. Troutt,
Judge.

The facts are stated in the opinion of the court.

A. M. Armstrong, for Appellant.

C. F. Callaghan, and Leon E. Prescott, for Respondent.

THE COURT. — This is a motion to dismiss the appeal of
Bridget Degnan, based upon her own affidavit and the support-
ing affidavits of others, and pressed before the court by respond-
ent's attorneys.   It may be conceded that the regular, orderly,
and courteous method of procedure would have been for the
client to give notice to her own attorney of her desire that her
appeal should be dismissed, and in the event of his refusal, after
notice, to procure a substitution of attorneys, and through the
new attorney bring the matter to the attention of the court.
But the fact that the mode here adopted is unusual does not
deprive the appellant of her right to a dismissal, when it is

made to appear to the court, as in this case it is, that such is her desire; it not being contended that her attorney has any special contract or lien upon any property in controversy entitling him to continue the prosecution. By way of intimation, rather than accusation, it has been suggested that there has been some impropriety or unprofessional conduct upon the part of some one of the attorneys connected with this matter. If this be so, its consideration has no place in this determination, and the matter can receive attention only after the preferment of charges properly formulated.

The appeal is therefore dismissed.