[L. A. No. 747.   Department One. — March 20, 1901.]

## THE PEOPLE ex rel. THOMAS H. HICKS, Appellant, v. NAT STEWART, Respondent.

ELECTION — CANVASS OF RETURNS — POWER OF SUPERVISORS — MISSING RETURNS — DUPLICATE TALLY-LIST. — The supervisors, in canvassing the returns of an election, act ministerially, and not judicially, and can only examine the face of the regular returns made, and must declare the result therefrom. They have no power, where returns are missing, to send for and use a duplicate tally-list kept by an inspector; but, in such case, they must wait six days for the missing returns before making the canvass, and can then only canvass the returns made to them, and must declare the result therefrom.

ID. — TIE VOTE CREATED BY DUPLICATE — VOID SPECIAL ELECTION — OFFICE OF SHERIFF — QUO WARRANTO. — The supervisors had no power to create a tie vote by the use of the duplicate tally-list in place of missing regular returns; and a special election for the office of sheriff, based upon a tie vote so declared, was ,without authority and void. One who was declared elected as the result of such special election, who did not have the majority of the votes upon the face of the returns made to the supervisors, is subject to an action of *quo warranto* for usurpation of the office.

ID. — TITLE OF RELATOR — DEMURRER. — Where the only demurrer interposed was to the cause of action in *quo warranto*, and none was interposed to the right of the relator, who claimed title to the office upon the regular returns made to the board of canvassers, his title is not involved upon appeal from a judgment rendered upon the sustaining of the demurrer.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   W. S. Day, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney-General, B. F. Thomas, J. W. Taggart, S. E. Crow, and H. C. Booth, for Appellant.

Canfield & Harbuck, for Respondent.

SMITH, C.— Appeal from a judgment for the defendant on demurrer to the complaint. The suit was brought to determine the right of the defendant to the office of sheriff of Santa Barbara County, which it is alleged he had usurped, and to establish the right of the relator to the same office. (Code Civ. Proc., sec. 805.)   Briefly stated, the case as alleged is as

follows: The relator and the defendant were candidates for the office in question at the election held therefor on November 8, 1898. The canvass of the returns was made by the board of supervisors, November 14, 1898 (the first Monday following the election). When the board met on that day, the returns from one precinct of the county (the Cold Springs precinct) had not been received. But "the duplicate list of voters, tally-list, and list attached thereto, kept and retained by [the] inspector of said board of said precinct, as required by section 1262 of the Political Code, were sent for," and the tally-list, after being identified by the inspector, was used in the canvass, in place of the missing return. The votes shown by this list (fifteen for the defendant, and fourteen for the relator) were counted for the candidates respectively, and a tie was thus produced. On the face of the returns, exclusive of this list, as was found by the board, there was a majority of one for the relator. As the result of the canvass, the board declared there was no choice of candidate, and on the next day (November 15th), under the provisions of section 1067 of the Political Code, ordered a special election. At this election the defendant was elected, and qualified; which is the usurpation complained of. The relator was at this time the incumbent under an appointment by the supervisors, of date January 7, 1895, to fill a vacancy. The case—so far as the defendant's right is concerned—turns on the validity of the order of the board, and of the election held thereunder, and this, in turn, on the validity of the canvass.

On this state of facts, the order calling a special election, and the election held under the order, were, I think, void. (*People* v. *Mathewson*, 47 Cal. 442; *People* v. *Harvey*, 58 Cal. 338.) The authority of the board of supervisors to call a special election depended upon its substantial compliance with the provisions of the law,—that is to say, upon a canvass of the returns, as provided by the Political Code (secs. 1278, 1280 et seq.), with result appearing therefrom that there was no choice of candidates. (Pol. Code, secs. 1066, 1067.) The "returns" referred to in these provisions are "the sealed packages containing the register, lists, papers, and ballots" prescribed by sections 1261 and 1263 of the Political Code, which, "in section 1268 of the Political Code, are spoken of as returns." (*Carlson* v. *Burt*, 111 Cal. 131.) In performing this function, the board had no authority to proceed with the canvass until

the missing returns had been received, or until the lapse of time prescribed by the law. (Pol. Code, sec. 1280.) Its duties were merely ministerial. (*Calaveras County* v. *Brockway*, 30 Cal. 337, 338, citing *People* v. *Van Slyck*, 4 Cow. 297; Paine on Elections, secs. 606, 607, 611, 615.) It was forbidden to act, if the returns were not all in, until the lapse of six days. (Paine on Elections, sec. 309.) Nor, assuming its power to canvass the returns, had it any authority to consider anything but the returns before it. It had no judicial powers. (Brightley's Leading Cases on Elections, 303, 304.) The duties of canvassers are, simply, "to add, and ascertain by calculation, the number of votes given for any office." (Paine on Elections, sec. 606.) They were not authorized to decide "in any other mode than by an examination of the returns made to them, according to law. They are not required or authorized to hear witnesses or weigh evidence. They have no power to send for persons or papers." (Paine on Elections, sec. 609.) They "have no power to canvass, as election returns, any papers not duly authenticated in the mode prescribed by law. An attempted canvass, in which the result declared was based on papers not thus authenticated, may be treated as a nullity by the party injured," (in this case the state.) (Paine on Elections, sec. 614.) The precise question was determined in *Pacheco* v. *Beck*, 52 Cal. 7 et seq. There it was held that the secretary of state, in canvassing the returns, as required by section 1346 of the Political Code, could not look beyond the abstract of the record of the board of supervisors entered in the proceedings of the board, as required by section 1282 of the Political Code, and certified by the clerk, as required by section 1344; though it was shown by other certificates of the clerk, and by the allegations of the petition, that the result of the election declared by the board, and originally entered in the minutes, was altered by the clerk, without authority, before the minutes were signed. The secretary, in the proceeding involved in that case, acted in the same capacity as the board of supervisors in the proceedings here involved; and the case here, therefore, comes within the decision of that case.

It follows that the demurrer should have been overruled. There being no demurrer to the cause of action alleged in favor of the relator, the question as to its validity does not seem to be presented on this appeal, and it will be unnecessary to pass on it. (Code Civ. Proc., sec. 53.)

The judgment should be reversed and the cause remanded with directions to overrule the demurrer to the complaint.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded with directions to overrule the demurrer to the complaint.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.