[L. A. No. 743.    Department One. — March 21, 1901.]

THE PEOPLE ex rel. F. J. FOGG, Respondent, v. PERRIS IRRIGATION DISTRICT, Respondent.    J. C. HUTCHINGS et al., Interveners, Appellants.

QUO WARRANTO — FRANCHISE OF IRRIGATION DISTRICT — INTERVENTION BY BONDHOLDERS — APPEAL. — In an action of *quo warranto* against an irrigation district charged with the usurpation and unlawful exercise of the powers and franchise of a legally organized irrigation district, *bona fide* purchasers of the bonds of the district, who were allowed to intervene, and to unite with the defendant in resisting the claims of the plaintiff, may avail themselves of all the procedure and remedies to which the defendant district was entitled, and may appeal from a judgment rendered against it.

ID. — MOTION OF RESPONDENT TO DISMISS APPEAL — FAILURE OF DISTRICT TO APPEAL. — A motion to dismiss the appeal of the intervening bondholders cannot be sustained on the ground that there was no judgment against them, and that no appeal was taken by the irrigation district. The defendant cannot, by its inaction, deprive them of the right to review the action of the superior court in rendering judgment against their claim or against the defendant.

ID. — PLEADINGS — COMPLAINTS IN INTERVENTION EQUIVALENT TO ANSWERS. — Where the pleadings in intervention, though termed complaints, were in effect answers to the complaint of the plaintiff, and, in addition to their denials, contained only new matter in defense of the rights of the defendant, it cannot be claimed that their averments must be deemed admitted; but the new matter pleaded must be deemed controverted by the plaintiff.

ID. — DECREE OF CONFIRMATION — PROCEEDING IN REM — RES ADJUDICATA — CONCLUSIVENESS AS TO ORGANIZATION. — A proceeding for the confirmation of the organization of an irrigation district, under the act of March 16, 1889, is *in rem*, and the decree of confirmation, while it remains in force as such, is conclusive upon the state, as well as upon others, that all of the steps necessary for the proper organization of the district had been taken, and the contrary cannot be shown in an action of *quo warranto*.

ID. — COLLATERAL ATTACK UPON DECREE — IRREGULARITY — FRAUD. — The validity and force of the decree, as a judgment, can only be impeached for irregularity or fraud in a direct proceeding therefor, and cannot be collaterally assailed in an action of *quo warranto* by evidence or findings that there was an irregularity as to the publication of the notice of hearing, and that there was fraudulent bribery of the attorney for certain property-owners in the proceedings for the decree.

CXXXII. Cal. — 19

APPEAL from a judgment of the Superior Court of River-side County and from an order denying a new trial.   J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

C. C. Wright, L. L. Boone, Oscar A. Trippet, and William E. Cox, for Appellants.

Tirey L. Ford, Attorney-General, Works & Lee, and John F. Crowe, for Respondents.

HARRISON, J.—The present action was brought against the defendant by the attorney-general, under section 803 of the Code of Civil Procedure, charging it with the usurpation and unlawful exercise of the powers of a legally organized irrigation district, and asking a judgment declaring that the proceedings under which it claimed to have been organized were illegal and void, and that its powers and franchise be forfeited. An answer denying the allegations of the complaint was filed by the defendant, and thereafter, with the permission of the court, certain persons claiming an interest in the controversy, by reason of having become *bona fide* purchasers for value of certain bonds that had been issued by the defendant, filed complaints in intervention, wherein the allegations of the complaint were denied and certain defenses to the action of the plaintiff were also set forth.   The cause was tried by the court, and upon its findings of fact judgment was rendered in accordance with the prayer of the complaint.   A motion for a new trial was made on behalf of the interveners, and denied by the court.   From this order, and also from the judgment, the interveners have appealed.   No motion for a new trial or appeal was made or taken by the defendant.

1. The motion of the respondent to dismiss the appeal upon the ground that there is no judgment against the appellants and that the district has taken no appeal, must be overruled. In the order of the superior court granting leave to intervene, it was determined that the interveners had an interest in the matter in litigation, and in the success of the defendants and against the plaintiff, and under section 387 of the Code of Civil Procedure, after the intervention had taken place they became parties to the action, "uniting with the defendant in resisting the claims of the plaintiff," and as such parties they

are entitled to avail themselves of all the procedure and reme-
dies to which the defendant would be entitled for the purpose
of defeating the action, or resisting the claim of the plaintiff.
The defendant cannot, by its inaction, deprive them of the
right to review the action of the superior court in rendering
judgment against their claim or against the defendant.

Upon the same principles, the claim of the interveners, that
as the plaintiff did not answer their complaints in interven-
tion, the facts therein alleged are to be deemed admitted, must
be overruled. Although their pleadings are termed complaints,
they are, in effect, answers to the complaint of the plaintiff.
They were permitted to intervene upon the claim that they
had an interest in the success of the defendant and against
the plaintiff, and in addition to their denials of the allega-
tions in the complaint, their pleadings contain only new mat-
ter in defense of the defendant's right, which, under section
462 of the Code of Civil Procedure, is "deemed controverted"
by the plaintiff.

2. The plaintiff offered certain evidence tending to show
that the defendant had not been legally organized as an irri-
gation district, and rested. The interveners then offered a
certified copy of certain proceedings in the superior court of
San Diego County, taken by virtue of the provisions of the act
of March 16, 1889 (Stats. 1889, p. 212), for the examination
and approval of the proceedings for the organization of the
district, wherein that court made and entered its judgment,
December 13, 1890, that all the proceedings had and taken for
the organization of the district were confirmed and declared
legal and valid. They also introduced another decree of con-
firmation under the act aforesaid, wherein the same court, on
December 8, 1892, ordered, adjudged, and decreed that the said
district had been duly organized. The plaintiff, against the
objection of the interveners, was permitted to introduce evi-
dence tending to show that the notice for the hearing upon the
first petition for confirmation had not been given as prescribed
by the aforesaid act, and also introduced testimony to the effect
that upon the application for the second decree of confirma-
tion an attorney, who had been employed to defend certain
owners of property within the district at the hearing upon this
application, had been paid one hundred dollars by the presi-
dent of the board of directors to be absent from the court-room

at said hearing, and that said attorney did not appear or in any way oppose the confirmation.

In its findings of fact herein, the court found that the notice for the hearing upon the application for confirmation, in December, 1890, had been published for only one week, and that the judgment then given was without jurisdiction of the subject-matter or the parties, and was procured by fraud, and that the said proceedings were wholly void; that the judgment of December 8, 1892, was procured by the fraudulent bribery of the attorney for certain property-owners in the district, and was therefore void and of no force and effect. The court also found that the original petition for the formation of the district was not signed by fifty or a majority of the freeholders within the district, and that no notice of the time or place for the presentation of any petition for the organization of the district was ever given.

In *People* v. *Linda Vista Irrigation District*, 128 Cal. 477, it was held that the proceeding under the aforesaid act of March 16, 1889, is a proceeding *in rem*, and that the decree of confirmation entered therein is binding and conclusive upon the state, as well as others, and is a bar to a subsequent proceeding in *quo warranto*, where the state seeks to assail the validity or regularity of the proceedings for the organization of the district. Upon the rule thus declared, the judgments of the superior court of San Diego County offered in evidence by the interveners were judicial determinations that all the steps necessary for the proper organization of the district had been taken, and were conclusive evidence of that fact, and constituted a bar to any further investigation of the validity or regularity of the proceedings.

The plaintiff could not by a collateral attack impeach the validity or force of these judgments. Whether invoked in support of a cause of action or as a defense, so long as they remained in force upon the records of the court wherein they were given, their validity and correctness could be questioned only in a direct proceeding therefor. (*Carpentier* v. *City of Oakland*, 30 Cal. 439; *Joyce* v. *McAvoy*, 31 Cal. 273;[1] *Eitel* v. *Foote*, 39 Cal. 439; *Hodgdon* v. *Southern Pacific R. R. Co.*, 75 Cal. 642.) Certain authorities have been cited by the respondent in support of the action of the superior court, but in each

[1] 89 Am. Dec. 172, and note.

of these cases the action was between the parties to the original judgment, and was brought for the express purpose of setting aside that judgment.

The superior court, therefore, erred in admitting evidence for the purpose of impeaching these judgments, and in holding that it could enter upon an examination of the original proceedings for the organization of the district.

The judgment and order denying a new trial are reversed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the 24th of April, 1901:—

BEATTY, C. J., dissenting.—I dissent from the order denying a rehearing, for the following reasons:—

This case differs from the Linda Vista and other like cases in two important particulars.

1. It is charged in the complaint that the decree of confirmation was obtained by fraud. The facts constituting the alleged fraud are perhaps insufficient, as pleaded, to sustain the charge, but if it is permissible in a proceeding of this kind to attack the decree of confirmation for fraud, the plaintiff should have leave to amend. The opinion assumes, however, that the attack is collateral, and not permissible in this proceeding, however conclusively the fraud in obtaining the decree might be alleged and found. In other words, it seems to be considered either that a decree affirming the regularity of the organization of an irrigation district is beyond the reach of attack for fraud in its procurement, or that the state or other aggrieved party must first commence and prosecute to a successful conclusion a separate action to invalidate the decree of confirmation before attempting to call in question the proceedings in the board of supervisors. I do not assent to either proposition. I know of no reason why a decree of confirmation obtained by fraud may not be set aside in a proper proceeding; and if it may be set aside upon that ground, I know · of no reason why the state—as a party bound by the decree— may not in one action attack the decree, and the proceedings of the board of supervisors which it was designed to confirm.

2. The decree of confirmation was objected to upon the ground that the court never acquired any jurisdiction of the *res*. The petition for confirmation is a proceeding *in rem*, and the *res* is the irrigation district. The petition in this case contained no description of the alleged district more definite than this: that it was situated partly in San Bernardino County and partly in San Diego County. This being the case, the point is made in the briefs, and strenuously argued, that the court never acquired any jurisdiction to affirm the existence of the district. No notice of this point is taken in the opinion, and I agree with the petitioners, that it called for a decision. There being no sufficient description of the district in the petition, it is certainly not unreasonable to contend that no one was called upon to answer or resist the petition to have it decreed a valid organization.