[Civ. No. 2298.   Third Appellate District.—May 3, 1921.]

COTTON-MACAULEY CO. (a Corporation), Plaintiff and Respondent, v. GEORGE M. DESHIELDS, Auditor, etc., Defendant and Appellant; DANIEL B. LUTEN, Intervener and Appellant.

[1] APPEAL—MANDAMUS OF COUNTY OFFICER—INTERVENTION BY CREDITOR—DISMISSAL AS TO OFFICER.—A county auditor in a *mandamus* proceeding to compel the drawing and delivery of a warrant for the payment of a claim against the county, in which proceeding a creditor of the petitioner was allowed to intervene, is entitled to have an appeal from the judgment taken by him and the intervener dismissed so far as it relates to himself, where the intervener did not make the auditor a party defendant in his complaint in intervention and asked no relief against him.

MOTION to dismiss an appeal.   Granted.

The facts are stated in the opinion of the court.

M. J. Cheatham for Defendant and Appellant.

V. L. Hatfield, W. H. Hatfield and James T. Matlock for Intervener and Appellant.

A. E. Bolton and Arthur W. Bolton for Respondent.

PLUMMER, P. J., *pro tem.*—On the third day of December, 1920, a judgment was entered in the superior court of Tehama County for the issuance of a peremptory writ of mandate, to be directed to the defendant Deshields, auditor of the county of Tehama, commanding him to forthwith draw and deliver to the plaintiff a warrant for the payment of a claim against said county, in favor of the plaintiff, theretofore allowed by the board of supervisors, for building a certain bridge in said county.  On the same day, the defendant Deshields and the intervener, Daniel B. Luten, who had been allowed to intervene in said action, claiming said moneys as due him from the plaintiff, and who had served a stop notice on the defendant Deshields under the provisions of sections 1183 and 1184 of the Code of Civil Procedure, served and filed their notice of appeal from the judgment and order of said court entered as

above stated. Pursuant to the constitution of this state, the hearing and determination of said appeal has been transferred to this court. The matter is now before this court upon motion of the defendant Deshields to dismiss the appeal so far as it relates to himself. This motion is contested by the intervener, who is also an appellant.

[1]    An examination of the record discloses the fact that the intervener in his complaint in intervention asks for no relief against the appellant Deshields, his contention therein being that the Cotton-Macauley Company should take nothing by reason of its action. Not having made the appellant Deshields a party defendant in his complaint in intervention, it is apparent that no judgment can be entered in this court in favor of the intervener, as against the defendant Deshields as auditor of the county of Tehama, adjudging and determining the right of the intervener to any part of the funds in the treasury of the county of Tehama, irrespective of any judgment that may be entered as between the plaintiff respondent and the intervener appellant.

The right of an appellant to have his appeal dismissed has been passed upon and confirmed in the following cases: *Estate of Wells*, 148 Cal. 659, [84 Pac. 37]; *Guardianship of Degnan*, 132 Cal. 260, [64 Pac. 485].

The case of *People* v. *Perris Irr. Dist.*, 132 Cal. 289, [64 Pac. 399, 773], is not in conflict with the authorities just cited. In that case the motion was made by a nonappealing defendant to dismiss the appeal of intervening bondholders.

If the appellant Deshields were moving to dismiss the appeal of the intervener appellant, then and in that case the same right or principle would be involved, and if the intervener's appeal be well taken, the motion, of course, would be denied.

In the case at bar the defendant and appellant Deshields, against whom the intervener asks no relief, is moving not to dismiss the intervener's appeal, as was the case in *People* v. *Perris Irr. Dist., supra*, but to dismiss his own appeal and to discontinue the further prosecution thereof.

That the defendant Deshields will increase or decrease his liability to the other parties to this action by reason of his motion to dismiss is not material to this case. It does not

appear from the pleadings that he came into court and asked, by way of interpleader or otherwise, that the right of the contending parties to the funds over which he had control be determined. Hence, the extent or measure of liability to either of the parties are matters not to be considered.

The attention of the court is also called to the case of *Slayden* v. *O'Dea,* reported in 182 Cal. 500, [189 Pac. 1066], upon which the right of the plaintiff in this action was decided in the court below, and it is urged that the ruling in that case is not applicable here by reason of the fact that the words ''public road or highway'' do not appear in section 1183 of the Code of Civil Procedure, whereas the word ''bridge'' does, and therefore that the stop notice provided for by section 1184 of the Code of Civil Procedure is applicable to the case at bar, and was not in the Slayden-O'Dea case.

We do not see what bearing this contention can have upon the right of the appellant Deshields to have his appeal dismissed. If this court should ultimately decide that the intervener's contention in this respect is true, and reverse the decision of the trial court in its holding that the plaintiff was entitled to a writ of mandate, it could enter no judgment in favor of the intervener as against the defendant and appellant Deshields for the reasons heretofore stated.

As we examine the pleadings and judgment in the record before us, there appears nothing to prevent the appellant Deshields issuing a warrant in favor of the plaintiff at any time, notwithstanding the appeals now pending in this court. It is simply a matter of whether the auditor does or does not wish to assume such responsibility. There being nothing to prevent the auditor at the present time from issuing such warrant, we cannot very well see how any action of this court on the motion of appellant Deshields to have his appeal dismissed will in any way imperil the rights of the intervener. If the stop notices referred to as given by the intervener are ultimately held good, the intervener has his remedy, as payment made by any officer having proper notice thereof would be at his peril.

Request is made in the intervener's brief that this court issue its order forbidding the clerk of the trial court to

issue a writ of mandate herein until the appeal of the intervener is determined. As this matter is not before us upon any petition or application as to which the plaintiff would necessarily have a right to be heard and make reply, and as ample time will be given before this decision can become final and a *remittitur* sent down, for such application to be made and hearing had, if right to such an order exists, we do not deem it necessary to consider that question upon the present motion, and therefore express no opinion as to the existence or nonexistence of such right, or make any order in relation thereto.

Being of the opinion that the appellant Deshields is entitled to have his appeal herein dismissed, it is so ordered.

Burnett, J., and Hart, J., concurred.