[Sac. No. 3205. In Bank.—February 2, 1922.]

COTTON-MACAULEY CO., a Copartnership, etc., Respondent, v. GEORGE M. DeSHIELDS, Auditor, etc., Defendant; DANIEL B. LUTEN, Appellant.

[1] MECHANIC'S LIEN — WITHHOLD NOTICE — ESSENTIALS OF CLAIM. — Under the mechanic's lien law, in order that a notice to withhold sufficient funds to meet the demand of the claimant, which notice is in effect an equitable garnishment, may be effective, it is essential that the party filing the same shall have performed labor for, or furnished materials, or both, or agreed to do so, to the contractor or other person acting by the authority of the owner, in connection with work done or to be done under the contract by the terms of which the funds sought to be impounded are or will become due and payable.

[2] Id. — Public Work — Construction of Bridge — Claim for Engineer's Services—Insufficiency of.—The fact that the board of supervisors of a county may have entered into a contract with a contractor to build a bridge according to the designs of a certain engineer, which bridge was never constructed as so designed, does not give the engineer a right, through the medium of the statutory notice to withhold, to garnishee funds due or to become due under an agreement between the same parties for the construction of a bridge at the same point, but of another design, prepared by a different engineer and which did not embrace any of the inventions and devices of the claimant.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge. Affirmed.

The facts are stated in the opinion of the court.

V. L. Hatfield, W. H. Hatfield and James T. Matlock for Appellant.

A. E. Bolton and Arthur W. Bolton for Respondent.

SHURTLEFF, J.—Intervener appeals from a judgment ordering the issuance of a peremptory writ of mandate directed to George M. DeShields, auditor of the county of Tehama, this state, commanding him to draw a warrant on the treasurer of said county in favor of plaintiff for a specified amount.

The material facts are as follows:

In April, 1920, the board of supervisors of Tehama County, by proper notice, advertised for bids for the construction of a reinforced concrete bridge over Deer Creek, on the route of the state highway in said county. The notice, among other things, provided for two separate bids, one to be in accordance with plans and specifications of what is known as the "Luten Design," and the other in accordance with plans and specifications prepared by "Messrs. Weeks & Day," engineers. The plaintiff, a co-partnership, composed of C. E. Cotton and H. E. Macauley,. was awarded the contract, the construction to be in conformity with the "Luten Design."

An agreement for the construction of the bridge was entered into between plaintiff and the county on May 21, 1920, the price to be $69,970. The agreement did not, however,

specifically mention the ''Luten Design,'' but did recite that the bridge was to be built in conformity with plans and specifications therefor then on file in the office of the county clerk of Tehama County, which resolution of the board of supervisors awarding the contract to plaintiff stated were those of Luten. These plans and specifications expressly required that the construction should be of the ''Luten Design,'' and that the successful bidder should pay Daniel B. Luten, the owner of such design, ten per cent of the contract price of everything included in such plans and specifications promptly on award of the contract.

C. E. Cotton, who signed this contract for the plaintiff, Cotton-Macauley Company, died May 22, 1920, the day following the date of the contract. Thereafter, on June 25, 1920, the county of Tehama and the plaintiff entered into a second agreement providing for the construction of a bridge at the same point at which the bridge covered by the contract of May 21, 1920, was to be built, to which the partnership name was signed by H. E. Macauley, the surviving partner; the terms of this contract were similar to those of the first, with the exception that the construction was to be in accordance with revised plans and specifications, the maker of said revised plans not clearly appearing. A bond was given for the faithful performance of each of these contracts. Subsequently, on July 6, 1920, with the proper consent of the surety, a third contract for the building of a bridge at the same point was executed between the same parties, to which contract the name of plaintiff was signed by H. E. Macauley. This latter contract, with the exception of the substitution of apparently further revised plans and specifications, was in its general terms substantially similar to the first. In other words, the contract of June 25, 1920, and the contract of July 6, 1920, contemplated the construction of the bridge pursuant to plans and specifications different from those of the ''Luten Design.''

On September 2, 1920, there was due plaintiff, under said contract of July 6, 1920, the sum of $15,375, and a claim for that amount was duly presented to, and allowed by, the board of supervisors of Tehama County, payable out of the Deer Creek bridge fund, which claim, duly attested and signed, was presented to the defendant DeShields as such auditor for his approval and for the issuance by him of a

warrant for the amount thereof. The issuance of this warrant was refused. Thereupon the plaintiff filed the complaint herein against the auditor, praying for the writ of mandate herein referred to.

On October 1, 1920, in obedience to an order of the superior court of Tehama County, in which court the complaint was filed, an alternative writ of mandate was issued, directed to, and which was served upon the said defendant, George M. DeShields, as such auditor, commanding him, immediately after the receipt of the writ, to issue and deliver to plaintiff a warrant upon the treasurer of said county for $15,375, or show cause on a designated date why he had not done so.

On October 9, 1920, Daniel B. Luten, upon motion duly made, was granted leave to intervene in the action, and in due time served and filed his complaint in intervention.

It is not essential to state in detail the allegations of the plaintiff's complaint. It was based upon the contract of July 6, 1920, the execution of which was duly alleged, and made no reference whatever to the contracts of May 21, 1920, and of June 25, 1920. It further alleged that on the second day of September, 1920, there became due and payable under said contract of July 6, 1920, to plaintiff the sum hereinbefore mentioned, and also alleged the presentation to, and allowance by, said board of supervisors of a claim for such amount, and its presentation to the auditor for his approval and for the issuance of a warrant therefor on the treasurer of the county of Tehama, and the refusal of said auditor to issue the same.

The complaint in intervention set forth that on the twenty-first day of May, 1920, the board of supervisors of the said county of Tehama entered into a contract with said Cotton-Macauley Company for the construction of the bridge, and that intervener, Daniel B. Luten, had furnished materials and performed labor consisting of engineering designs ''to be used in the construction'' of said bridge; that they ''were furnished for and delivered to said Cotton-Macauley Company,'' and that said Luten was to be paid by said Cotton-Macauley Company for said designs and labor ''ten per cent of the contract price upon the award of said contract''; that said Luten had duly performed ''all of his part of said contract,'' and that the sum of $6,997 was due

and payable to him. It was further alleged in said complaint in intervention that a withhold notice was, on or about the eleventh day of September, 1920, filed by the intervener with said auditor, and that thereafter in September, 1920, a second withhold notice was filed with said auditor, and that on or about the ninth day of October, 1920, a third withhold notice was filed with said auditor. A copy of the last-mentioned withhold notice was attached to the complaint in intervention.

The answer of the intervener to the complaint of plaintiff denied that the contract between plaintiff and the county of Tehama for the construction of the bridge in question was entered into on the sixth day of July, 1920, and alleged that it was entered into on the twenty-first day of May, 1920.

It should be noted that the complaint in intervention makes no mention of the said contracts of June 25, 1920, and July 6, 1920.

The withhold notice filed on the ninth day of October, 1920, and which, as just stated, was the third filed with the auditor, referred to and was predicated upon the contract of the twenty-first day of May, 1920, and no other, and it sets forth the furnishing of materials consisting of engineering designs to be used in the construction of the bridge to be erected pursuant to the contract of May 21, 1920, and also affirms that the value of the material, labor, and services furnished and performed by the intervener was $6,997.

Plaintiff's answer to the complaint in intervention denies all the allegations of the latter, with the exception that the filing of the alleged withhold notices is admitted, but it is affirmed that each of them was in certain particulars insufficient to constitute a compliance with the provisions of section 1184 of the Code of Civil Procedure of this state, or any other provision of law.

The auditor, in his answer to the plaintiff's complaint, also denied that the contract for the construction of the bridge was entered into on the sixth day of July, 1920, but alleged, as did the complaint in intervention, that the plaintiff and the county of Tehama entered into the contract for the building of the bridge on May 21, 1920.

Upon the hearing the court found that the contract under which the bridge was built was the one of July 6, 1920, and there was ample evidence to sustain such finding. The judgment was that the plaintiff was entitled to have and receive said sum of $15,375, and that a peremptory writ issue, directed to said auditor, to draw and deliver a warrant in favor of plaintiff for such amount. From this judgment both the auditor and intervener appealed, but the appeal of the former, upon his motion, was heretofore dismissed, leaving the intervener the sole appellant. *(Cotton-Macauley Co.* v. *DeShields et al.,* 52 Cal. App. 469 [198 Pac. 1026].)

There was no finding nor evidence that such bridge was constructed in accordance with the ''Luten Design,'' plans or specifications, or that the intervener, Daniel B. Luten, furnished any materials to be used in, or performed any labor in connection with, the construction thereof. Upon the contrary, the proof was that the bridge was constructed under what were termed the Leonard plans and specifications, which embodied a method of construction other than that called for by and which counsel for intervener declared constituted a change from the Luten plans.

[1] From what precedes, it is obvious that the intervener had no claim upon which he could base the statutory notice to withhold. Under the law in force at the time the contract we are considering was executed, and in which respect it remains unchanged, in order to resort to and enlist the aid of a notice to withhold sufficient funds to meet the demand of the claimant, and which notice is in effect an equitable garnishment, it was essential that the party filing the same should have performed labor for, or furnished materials, or both, or agreed to do so, to the contractor or other person acting by the authority of the owner, in connection with the work done or to be done under the contract by the terms of which the funds sought to be impounded are or will become due and payable. (Code Civ. Proc., secs. 1183, 1184.)

[2] The fact that the board of supervisors of the county of Tehama on the twenty-first day of May, 1920, may have entered into a contract with plaintiff to build a bridge of the ''Luten Design'' over Deer Creek, and which bridge was never constructed as so designed, would not give Luten

the right, through the medium of the statutory notice to withhold, to garnishee funds due or to become due under an agreement between the same parties for the construction of a bridge at the same point, but of another design, prepared by a different engineer, and which did not embrace any of the inventions and devices of Luten.

The foregoing views render it unnecessary to consider at length the further contentions of intervener. Whether or not the contract of July 6, 1920, was made by the board of supervisors without authority, and is therefore void, is not a problem in the case. Assuming, but not deciding, that intervener, who was not a party thereto, can attack its validity, the fact still remains that, even though the contention be sustained, intervener performed no labor for and furnished no materials to the plaintiff in connection with the bridge as finally constructed, which, as we have seen, is indispensable to his right to a notice to withhold. The same is true of the contention that the surviving partner was without authority to enter into the contract of July 6, 1920, which the intervener declares was a "new contract," and under which the court found the bridge was constructed, and which finding, as we have said, is supported by the evidence, and hence is conclusive here. While we cannot agree with this contention, its determination one way or the other is immaterial, for the contract of May 21, 1920, upon which intervener predicates his claim, was never performed—such is the implied finding of the court, and such is the proof. It is true that counsel for intervener affirm "that as a matter of fact the work was actually done" under the last-mentioned contract, but such was not the finding of the trial court.

Finally, counsel upon both sides devote a considerable portion of their respective briefs to the discussion of the question as to whether, under the provisions of the code already alluded to, or any provision of law, the intervener was entitled to a withhold or stop notice, but in view of the conclusion reached by us, it is needless to determine that question.

Judgment affirmed.

Lennon, J., Sloane, J., Waste, J., Lawlor, J., and Shaw, C. J., concurred.

WILBUR, J., Concurring.—I concur.

In view of the fact that the trial judge felt that the case of *Slayden* v. *O'Dea*, 182 Cal. 500 [189 Pac. 1066], was controlling in this case and that this view was shared by the district court of appeal, first district, I think it is proper to say that that case turned entirely upon the construction to be placed upon the term "wagon road," and it was held that the term "wagon road," in view of the history of the section, meant a private wagon road. The statute, however, also gives a lien for work done upon a bridge, and the contract here was for the construction of a bridge which would, of course, include either a public or a private bridge. In case of a public bridge there could be no lien, but, as we have held, in such cases there could be an effective stop notice.

Rehearing denied.

All the Justices concurred.