[Civ. No. 2778. Third Appellate District.—March 10, 1924.]

JOHN CUNNING, Respondent, v. THOMAS K. CARR, Auditor, etc., et al., Defendants; T. H. SELVAGE, Petitioner.

[1] SUPERSEDEAS—ISSUANCE IN MANDAMUS PROCEEDING—APPEAL—INJUNCTION.—In a *mandamus* proceeding to compel the issuance by a county auditor and the payment by the county treasurer of certain warrants for services performed by petitioner and his assignors, an intervener is not entitled to a writ of *supersedeas* to stay the execution of the judgment directing the issuance of the writ of mandate, pending said intervener's appeal from said judgment, where no appeal was taken by the auditor or the treasurer, and there was nothing in the entire action which would have prevented the auditor from issuing his warrants at any time during

the pendency of the trial and there was nothing in any order made by the trial court which at any time hindered or tended to hinder the issuance of the warrants sought by the ·petitioner or their payment by the county treasurer.

[2] ID.—ISSUANCE PENDING HEARING.—A writ of *supersedeas* will not issue, unless it is necessary to preserve the rights of the parties pending hearing.

---

(1) 3 **C. J.**, p. 1290, sec. 1411.    (2) 3 **C. J.**, p. 1290, sec. 1411.

APPLICATION for a Writ of Supersedeas to prevent action under a writ of mandate issued by the Superior Court of Humboldt County. Denver Sevier, Judge. Writ denied.

The facts are stated in the opinion of the court.

Selvage & Selvage for Petitioner.

H. C. Nelson for Respondent.

Arthur W. Hill, District Attorney, and ·J. J. Cairns, Deputy District Attorney, for Defendants.

PLUMMER, J.—This matter is before the court upon an original application for the issuance of ·a writ of *supersedeas* herein. It appears from the intervener's petition that the plaintiff Cunning, upon his own and the assigned claims of five others, began an action in the superior court of Humboldt County against the auditor and treasurer thereof to compel the auditor to issue warrants for certain services performed by the petitioner and his assignors and also to compel the treasurer to pay the same. The petitioner herein thereupon filed his complaint in intervention. The cause went to trial and the plaintiff had judgment. The petitioner filed a notice of appeal without giving any bond or undertaking to stay proceedings on appeal. The defendants Carr and Hodgson have taken no appeal. [1] After the entry of judgment in favor of the plaintiff, a writ of mandate was issued under the hand and seal of the clerk of the superior court of Humboldt County, directing the auditor to issue warrants for the claims held by the plaintiff and, also, directing their payment by the treasurer of Humboldt County. It is to

---

2.  See 2 **Cal. Jur.** 464.

supersede this writ of mandate that the petitioner now asks the order of this court.

Many authorities have been cited on the question whether the filing of the notice of appeal by the intervener stays proceedings by reason of the construction that has been given to sections 942 to 949, inclusive, of the Code of Civil Procedure. On the part of the petitioner it is insisted that the filing of this notice of appeal stayed all further proceedings, and that the issuance of the writ of mandate was without authority of law and, therefore, .void. On the part of the respondent it is contended that, as the judgment neither required anything of the intervener nor granted him anything, no stay was effected by his notice of appeal; and that as to the defendants, neither of them having appealed, execution could run against them immediately. As we view this case, it is not necessary for the court to determine whether the filing of the notice of appeal by the intervener did or did not effect any stay or prevent the issuance of the writ of mandate herein referred to. We have carefully examined the pleadings and find that there is nothing in the entire action which would have prevented the auditor from issuing his warrant at any time during the pendency of the trial and that there is nothing in any order made by the trial court which at any time hindered or tended to hinder the issuance of the warrants sought by the petitioner or their payment by the county treasurer.

In this particular the case is exactly similar to the circumstances presented and considered by this court in *Cotton-Macauley Co.* v. *Deshields,* 52 Cal. App. 469 [198 Pac. 1026]. The court there said: ''As we examine the pleadings and judgment in the record before us, there appears nothing to prevent the appellant Deshields issuing a warrant in favor of the plaintiff at any time, notwithstanding the appeals now pending in this court. It is simply a matter of whether the auditor does or does not wish to assume such responsibility. There being nothing to prevent the auditor at the present time from issuing such warrant, we cannot very well see how any action of this court on the motion of appellant Deshields to have his appeal dismissed will in any way imperil the rights of the intervener. If the stop notices referred to as given by the intervener are ultimately held good, the intervener has his remedy, as payment made

by any officer having proper notice thereof would be at his peril.'' In that case the auditor was seeking to have his appeal dismissed and the intervener contested the auditor's application for dismissal. In the case at bar the defendants have taken no appeal and are preferring to take their chances in paying the plaintiff's claims without waiting for the judgment of this court upon the merits of the case. If the judgment of the trial court should be reversed, the intervener has lost nothing by reason of the action of the auditor and treasurer in paying the plaintiff's demands. The illegality of the claims would be established and the defendants and their bondsmen would simply be in the position of parties paying claims out of public funds not authorized by law. A writ of *supersedeas* issued in this matter and directing the auditor and treasurer and the plaintiff to restore the amounts of the claims included in the judgment of the trial court would be no more effective in preserving the petitioner's rights as a taxpayer of the county of Humboldt than the judgment of this court holding such claims illegal and fixing the liability upon all the parties concerned and the bondsmen of the two defendants. [2] The rule being that a *supersedeas* will not issue, unless it is necessary to preserve the rights of the parties pending hearing, this latter reason would of itself be sufficient to necessitate the denial of the petition of the intervener. The denial of the petition for a writ of *supersedeas* herein is made without reference to the merits of the case or to any of the questions which may be presented to this court upon the appeal now pending in said cause.

It is ordered that the petition for a writ of *supersedeas* herein be and the same is hereby denied.

Finch, P. J., and Hart, J., concurred.