[Civ. No. 9755. Second Appellate District, Division Two.—August 8, 1934.]

E. O'BRIEN, Petitioner, v. THE MUNICIPAL COURT, CITY OF LOS ANGELES et al., Respondents.

George P. Cook for Petitioner.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, and Vinetz & Gitleson for Respondents.

CRAIG, J.—It appears from the petition that upon the trial of an action in the Municipal Court of Los Angeles judgment was rendered in favor of the defendant, notice of appeal was served and filed by the plaintiff, a motion for an extension of time to prepare and serve the bill of exceptions was granted and that the same was thereafter filed. Objection by the defendant to its settlement was sustained. Thereafter the plaintiff instituted a proceeding in the appellate department of the superior court praying a writ of *mandamus* to require settlement thereof. This petition was denied, whereupon an appeal was taken from that ruling to the District Court of Appeal. It is sought now to obtain a writ of *supersedeas* directed to said superior court restraining proceedings upon the appeal thereto from the municipal court pending decision upon the appeal from said order dismissing the petition for a writ of *mandamus*.

The answer of respondents sets forth that after judgment rendered in the municipal court, motion for new trial and denial of the motion, petitioner herein was served with notice of the ruling and the date of such service was December 8, 1933; that on January 25, 1934, petitioner served on counsel for the other side notice of intention to move the municipal court on the thirty-first day of January, 1934, for an order giving him to and including the fifteenth day of February within which to prepare, serve and file a proposed bill of exceptions; that on or about February 5, 1934, Honorable H. B. Landreth, presiding in division 10 of said municipal court, and not being the judge who tried the case, granted petitioner to and including February 15, 1934, within which to prepare, serve and file a proposed bill of exceptions; that this order was without the consent of defendants in said action; that petitioner herein did serve said proposed bill of exceptions on the fifteenth day of February, 1934, but did not file the same with the clerk of said court until the twenty-fourth day of February, 1934.

From these additional facts which are not controverted, it is apparent why the judge of the municipal court refused to settle the bill of exceptions and why the superior

court refused to issue its mandate requiring the municipal court to settle it. The municipal court had lost jurisdiction through the lapse of more than thirty days after the eighteenth day of December, 1933, which, in the absence of a legal order extending time, was the last day on which petitioner herein could have filed a proposed bill of exceptions with the clerk of the municipal court (Code Civ. Proc., sec. 650). The extension of time provided for in the order signed by Judge Landreth was to a date beyond the period of thirty days allowed upon proper showing by section 1054 of the Code of Civil Procedure. The municipal court was wholly without jurisdiction to act in the matter. (*Perry* v. *Campbell*, 72 Cal. App. 755 [238 Pac. 130]; *Cameron* v. *Arcata etc. R. R. Co.*, 129 Cal. 279 [61 Pac. 955].)

A writ of *supersedeas* does not issue as a matter of right, but only where it appears to the court that it is necessary to protect the rights of an appellant (*People* v. *Jackson*, 190 Cal. 257 [212 Pac. 4].) Where it is not probable that the appellant is entitled to the relief denied by the judgment from which an appeal has been taken, *supersedeas* will not issue. Much less would an appellate court be justified in granting such a writ where, as here, it seems clear from the record presented that there is no basis for the appeal.

The petition is denied.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.