[Civ. No. 11262.  Second Appellate District, Division Two.—November 17, 1936.]

P. H. HAWLEY, Petitioner, v. J. MORTIMER CLARK, as Real Estate Commissioner etc., Respondent.

Russell D. Garner and Robert Kingsley for Petitioner.

No appearance for Respondent.

WOOD, J.—Petitioner seeks an alternative writ of .prohibition commanding the Real Estate Commissioner of the State of California to refrain from proceeding against the petitioner under certain sections of the California Real Estate Act. ▮  In the late case of *Standard Oil Co.* v. *State Board of Equalization,* 6 Cal. (2d) 557 [59 Pac. (2d) 119], it was held that a writ of review will lie only to review the exercise of judicial functions and that the legislature is without power to confer judicial functions upon a state-wide administrative agency.  The judgment denying relief to petitioner in that case was followed by the District Court of Appeal in *Schwab-Wilson etc. Corp.* v. *Daugherty,* 15 Cal. App. (2d) 701 [59 Pac. (2d) 1057], and in *Dysart* v. *Daugherty, ante,* p. 525 [62 Pac. (2d) 612].  The reasons for these decisions given in cases involving applications for writs of

review are equally applicable to cases involving applications for writs of prohibition directed to administrative officers. In section 1068 of the Code of Civil Procedure it is provided: "A writ of review may be granted by any court, except a municipal, police or justice's court, when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction . . . " In section 1102 of the Code of Civil Procedure it is provided: "It (writ of prohibition) arrests the proceedings of any tribunal, corporation, board, or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction. . . . "

On the authority of the decisions above cited the petition for an alternative writ is denied.

Crail, P. J., concurred.