[Civ. No. 12114.   Second Appellate District, Division Two.—February 3, 1939.]

MARTIN OLSEN, Petitioner, v. BOARD OF SUPERVISORS OF THE COUNTY OF SAN LUIS OBISPO et al., Respondents; FRED SCOTT et al., Interveners and Appellants.

Albert Nelson for Interveners and Appellants.

W. J. Minville for Respondents.

WOOD, J.—An election was held on October 18, 1938, for the purpose of determining whether certain territory in the county of San Luis Obispo should be incorporated as a city of the sixth class under the name of "City of Pismo Beach".

The election board transmitted to the county clerk the returns showing that 205 votes were cast for the incorporation and 198 votes were cast against the incorporation. A petition was filed in the superior court by Martin Olsen on October 24, 1938, in which it was alleged, among other irregularities charged, that 22 votes were cast by persons not entitled to vote in the election. Thereafter the petitioners herein, Fred Scott and Ida J. New, filed a petition in intervention in which similar allegations were made and in which they asked that writs of *certiorari* and prohibition be issued against the board of supervisors, that the election be declared void and that the supervisors be restrained from canvassing the returns of the election. The original petitioner, Olsen, dismissed his petition. The superior court on October 24, 1938, issued a writ of *certiorari* and temporarily restrained the supervisors from taking further proceedings. The court later sustained a demurrer to the petition without leave to amend and on December 15, 1938, rendered a judgment dissolving the writ which had been issued and dismissed the petition in intervention. The interveners filed notice of appeal on December 16, 1938.

A writ of *supersedeas* should issue if it appears that it is necessary to protect the rights of an appellant but it should not issue if it appears that the appellant is not entitled to the relief denied by the judgment from which an appeal has been taken. (*O'Brien* v. *Municipal Court,* 140 Cal. App. 362 [35 Pac. (2d) 395].) In this proceeding petitioners seek to prohibit action by a board not exercising judicial functions. The question whether the remedy sought be called a writ of review or a writ of prohibition is of no consequence. In section 1068 of the Code of Civil Procedure it is provided: ''A writ of review may be granted by any court, except a municipal, police or justice's court, when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction . . . '' In section 1102 of the Code of Civil Procedure it is provided: ''It (writ of prohibition) arrests the proceedings of any tribunal, corporation, board, or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction . . . '' The board of supervisors in canvassing election returns exercises a ministerial and not a judicial function. (*People* v. *Stewart,* 132 Cal. 283 [64 Pac. 285].) The superior court

did not err in refusing the petitioners the writs sought. (*Standard Oil Co.* v. *State Board of Equalization*, 6 Cal. (2d) 557 [59 Pac. (2d) 119] ; *Hawley* v. *Clark*, 17 Cal. App. (2d) 546 [62 Pac. (2d) 613].)

In applying for a writ of *supersedeas* petitioners in effect ask this court to issue an injunction against the board of supervisors. This we may not do. A writ of *supersedeas* is an order for the stay of proceedings pending an appeal and is limited to restraining action upon the judgment from which the appeal is taken. When issued it prevents the parties from using the process of the trial court to enforce the judgment. (*Dulin* v. *Pacific W. & C. Co.*, 98 Cal. 304 [33 Pac. 123].) Since the trial court dismissed the complaint in intervention there is no judgment of the superior court to be enforced.

In its judgment of December 15th the trial court not only dissolved the writs theretofore issued and dismissed the complaint in intervention, but also added: ''That said Board of Supervisors be, and the same is hereby directed to immediately proceed to canvass the vote cast at the election held for the incorporation of Pismo Beach on the 18th day of October, 1938, in the manner provided by law and declare the result of said election.'' Since the proceedings were dismissed by the judgment, the court was without authority to order the supervisors to proceed with the canvass. However, the language just quoted was mere surplusage. The duty to canvass the election returns is a duty enjoined upon the supervisors by law.

The writ issued by this court on December 17, 1938, is discharged. The petition for a writ of *supersedeas* is denied.

Crail, P. J., and McComb, J., concurred.