[Civ. No. 12787.   Second Appellate District, Division Two.—November 8, 1940.]

PACIFIC CONSTRUCTION FINANCE CO., LTD. (a Corporation), Appellant, v. SAMUEL E. KRAMER, Respondent.

Ira Ratner for Appellant.

T. H. Canfield for Respondent.

McCOMB, J.—This is an original application for a writ of *supersedeas* to restrain respondent from proceeding with the trial of an action entitled as above now pending before the Superior Court of Santa Barbara County, being action No. 31870 in said court, until the determination of its appeal

from an order granting respondent's motion for a change of venue.

The essential facts are:

April 26, 1940, petitioner filed a complaint in the Superior Court of Los Angeles County. June 25, 1940, the Superior Court of Los Angeles County granted respondent's motion for a change of venue to the Superior Court of Santa Barbara County. June 27, 1940, the clerk of the Superior Court of Los Angeles County transmitted all of the papers and pleadings in the action to the clerk of the Superior Court of Santa Barbara County. June 29, 1940, petitioner appealed to this court from the order of the Superior Court of Los Angeles County granting the motion for a change of venue.

This is the sole question for determination:

*Has petitioner shown this court a valid reason for the issuance of a writ of supersedeas?*

This question must be answered in the negative. ■ The law is established in California that a writ of *supersedeas* will not issue unless it is necessary to preserve the rights of the parties, pending the determination of an appeal. (*Cunning* v. *Carr*, 66 Cal. App. 149, 152 [225 Pac. 481]; *O'Brien* v. *Municipal Court*, 140 Cal. App. 362, 364 [35 Pac. (2d) 395].)

■ In the present case the only right of the petitioner which is involved in the appeal now pending before us is the asserted right to have the action heard in the Superior Court of Los Angeles County. In the absence of a writ of *supersedeas*, this right will not be jeopardized, for, in the event appellant does not prevail here, such right would not exist. On the other hand, in the event petitioner is successful and obtains a reversal of the order granting the motion for a change of venue, the action will be tried in the Superior Court of Los Angeles County, and this, even though the case may have already been tried in the Superior Court of Santa Barbara County.

■ An appellate court in reversing an order granting a motion for a change of venue will also reverse any judgment theretofore entered by the lower court, even if the appellant has appeared and contested the same. (*Howell* v. *Thompson*, 70 Cal. 635, 637 [11 Pac. 789]; see, also, 25 Cal. Jur. [1926] 918, sec. 50.)

For the foregoing reasons, it is ordered that the petition for a writ of *supersedeas* herein be and the same is hereby denied. The denial of the petition of a writ of *supersedeas* is made without reference to any of the questions which may be presented to this court upon the appeal from the order of the lower court.

Moore, P. J., and Wood, J., concurred.