McKinstry, J.
On the twenty-sixth day of March, 1886, it was adjudged by this court (Department Two), on appeal from an order of the Superior Court of Santa Clara denying a motion of the defendant that the action be moved for trial to San Francisco, that the said order be reversed, and the Superior Court of Santa Clara was by the judgment of this court directed to make and enter an order granting the defendant’s motion for a change of the place of trial.
After denying the motion for a change of the place of trial to San Francisco County, the Superior Court of Santa Clara proceeded to try the action, and on the fifteenth day of January, 1884, made and entered a judgment therein in favor of the plaintiff and against the defendant, from which judgment the defendant has appealed.
The defendant now moves this court that the judgment be reversed or set aside. ■
In Pierson v. McCahill, 23 Cal. 249, it was held, under the provisions of the former practice act, that an appeal from an order refusing to change the place of trial stayed all further proceedings in the court below till the appeal was decided. But the Code of Civil Procedure (sec. 949) provides that such an appeal shall not of itself operate a stay.
In People ex rel. Scannell v. Whitney, 47 Cal. 584, it was held that an appeal from an order denying a change of venue did not deprive the District Court of jurisdiction to proceed and try the action in such sense that prohibition would lie.
This court has jurisdiction of an appeal from an order denying a motion to change the place of trial; and there can be no doubt that when this court reverses such an *635 order, and directs that the court below shall make and enter an order transferring a cause for trial to another county, its jurisdiction includes full power and authority to make all orders or judgments necessary to render effectual its judgment on appeal from the order denying the change of the place of trial.
Unless the judgment can be set aside by this or the Superior Court, “the party appealing,” as was said in Pierson v. McCahill, swpra, “ might be forced to a trial in the wrong county, before the appeal was determined, and thus he would lose all benefit from his appeal in case the order should be reversed.”
It is said that defendant here waived his right to rely on his motion to change the place of trial by appearing at the trial in Santa Clara and contesting the plaintiff’s right to recover. We think he was not bound to rely upon his own opinion that the order was erroneous; and as we have seen, section 949 of the Code of Civil Procedure provides that such an appeal does not stay the trial in the court below.
It may be suggested that the motion to set aside the judgment should be made in the court below. Such a course might or might not be regular, but as the judgment of the Superior Court has been brought here by an appeal, and the judgment of this court reversing the order denying the motion to change the place of trial also constitutes a portion of our records, we have before us all the existing evidence bearing on the question inyolved.
If the fact that a final judgment had been entered by the Superior Court had been made to appear to this court when the appeal from the order refusing a change of the place of trial was heard, this court could have provided in its judgment reversing the order for setting aside the judgment of the court below. This without inquiring whether any error occurred at the trial of the cause below, but simply because the order of this court *636 would be of no avail if the judgment below was allowed to stand.
The proceedings of the court below with respect to the motion for a change do not appear, and could not appear in the transcript on appeal from the judgment, since the code gives a direct appeal from such an order, and it cannot be properly reviewed on an appeal from the judgment. The judgment is a fact, and whenever the fact is made to appear either to this court or to the Superior Court, in connection with a previous order that the cause be transferred to another county for trial, the judgment should be set aside, because it is an apparent, if not a real, obstacle to the operative effect of an order changing the trial to another county.
Judgment reversed.
Ross, J., Thornton, J., McKee, J., Morrison, 0. J., Sharpstein, J., and Myrick, J., concurred.