[Civ. No. 11134.   Second Appellate District, Division Two.—November 12, 1936.]

MILDRED ROSENFELT, a Minor, etc., Appellant, v. MOSES SCHOLTZ, Respondent.

R. E. Parsons and A. Benjamin for Appellant.

W. I. Gilbert for Respondent.

CRAIL, P. J.—This is an appeal by plaintiff from a judgment dismissing an action under section 583 of the Code of Civil Procedure, which provides (1) that the court may in its discretion dismiss any action for want of prosecution whenever plaintiff has failed for two years after the action is filed to bring such action to trial, and (2) that "any action . . . shall be dismissed . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended". The contention of the plaintiff is that the order of the court dismissing the action was erroneous for the reason that the parties had entered into three stipulations in writing that the time might be extended. The stipulations were as follows: (1) "It is stipulated that the above entitled case may be set for trial at any time on or after the 14th day of December, 1932;" (2) "It is hereby stipulated by and between counsel for the respective parties that the above entitled case may be reset for trial on any date subsequent to February 20, 1933, convenient to court and counsel. Notice of trial is not waived;" (3) "It is stipulated that the above entitled case may be set for trial at any time on or after the 27th day of October, 1933. Plaintiff to serve notice of trial." The words "the time" in the phrase of said section "except where the parties have stipulated in writing that the time may be extended" refers to the five-year limit in which an action must be brought to trial and has been called the "statutory" time. (*Miller & Lux, Inc.,* v. *Superior Court,* 192 Cal. 333, at 338 [219 Pac. 1006, 1008].) And it has been said that the statute means that a dismissal shall be granted under the proper circumstances "except where, pursuant to a stipulation of the parties, a different limit has been fixed". (*City of Los Angeles* v. *Superior Court,* 185 Cal. 405, 409 [197 Pac. 79].) "An examination of the cases construing section 583, *supra,* discloses that no case decided by this court has held that anything short of a written

stipulation extending in express terms the time of trial to a date beyond the five-year period, or expressly waiving the right to a dismissal under that section, will suffice to toll the running of the statutory time. On the contrary, the cases uniformly hold that the provisions of section 583 are mandatory and that, in the absence of a written stipulation, any action not brought to trial within the statutory period must be dismissed." (*Miller & Lux, Inc.*, v. *Superior Court, supra.*)

None of the stipulations above set forth contains an agreement for a continuance of trial. They relate solely to the setting of the case for trial. Indeed, they show on their face that they are entered into for the purpose of facilitating the setting of the case for trial. There is nothing in any of the stipulations to deter the plaintiff, if she so desired, from going ahead in the manner provided by statute for bringing the case on for trial. There is no stipulation to continue the case at all—much less to continue it beyond the five-year period.

Somewhat similar stipulations were construed adversely to the contention of the plaintiff in *Sedarovich* v. *Paul,* 16 Cal. App. (2d) 452 [60 Pac. (2d) 871], and *City of Los Angeles* v. *Superior Court, supra.*

Furthermore, under the first provision of said section the court was authorized in its discretion to dismiss the action for want of prosecution because of the failure of plaintiff to bring the action to trial within two years. The plaintiff does not contend in her brief that there was an abuse of discretion.

Judgment affirmed.

Wood, J., concurred.