[L. A. No. 16126. In Bank.—August 27, 1937.]

ESTELLE PORTER CHRISTIN et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Guthrie & Darling and Charles A. Christin for Petitioners.

Everett W. Mattoon, County Counsel, Fred M. Cross and E. O. Lippold, Deputies County Counsel, Clyde C. Shoemaker, Samuel W. Blum and Winthrop O. Gordon for Respondent.

LANGDON, J.—This is a petition for a writ of prohibition to restrain the respondent superior court from proceeding further in an action which petitioner seeks to have dismissed under section 583 of the Code of Civil Procedure.

In the main action, Charles W. Story as plaintiff sued Estelle Porter Christin and Charles A. Christin (petitioners herein) as defendants, for damages for conversion. The action was brought in the Los Angeles Superior Court on January 24, 1930. The defendants filed a demurrer and motion for change of venue to San Francisco. There were several continuances, and prior to the hearing an amended complaint was filed. On May 16, 1930, the court denied the motion for change of venue.

The defendants demurred to the second amended complaint, filed a motion to strike, and also a second motion for change of venue, based upon the same grounds as the first. After a number of continuances, the court on July 17, 1930, made an order granting the second motion for change of venue from the Superior Court of Los Angeles County to the Superior Court of the City and County of San Francisco. The court thereupon ordered the action transferred, and in August, 1930, the clerk transmitted all pleadings and papers to the clerk of the San Francisco Superior Court. Meanwhile, on August 14, 1930, the plaintiff appealed from the order granting the change of venue, and the appeal was pending in the District Court of Appeal, Second Appellate District, Division One, until March 22, 1934, at which time that court reversed the order. The decision was upon the settled principle that where a motion for change of venue is once made and denied, the defendant has no right to renew the motion. (*Story* v. *Christin,* 137 Cal. App. 484 [30 Pac. (2d) 1016].)

The *remittitur* was issued May 22, 1934, and on June 12th the pleadings and other papers were returned to respondent court. Thereafter defendants' demurrer to the amended complaint came up for hearing and was continued until on November 22, 1934, the court sustained the same. On January 7, 1935, plaintiff Story filed a second amended complaint, to

which defendants filed another demurrer and motion to strike. The demurrer was overruled, and the motion to strike denied. Defendants filed an answer, to which plaintiff demurred, and on June 6, 1935, the demurrer was overruled. Trial was then set for October 4th, but in September the parties orally stipulated that the cause go off calendar pending negotiations for a settlement. Accordingly, on October 4, 1935, the cause went off calendar.

On July 3, 1936, plaintiff again moved to set the cause for trial and the court designated August 12, 1936, as the trial date. But on July 15, 1936, defendants filed a motion to dismiss the action on the ground that it had not been brought to trial within five years after filing (Code Civ. Proc., sec. 583; *Rosefield Packing Co.* v. *Superior Court,* 4 Cal. (2d) 120 [47 Pac. (2d) 716].) The court denied the motion and reset the action for trial.

Defendants (petitioners) filed a petition for a writ of prohibition in the District Court of Appeal, Second Appellate District, Division Two, seeking to prevent the respondent superior court from proceeding with the trial. The said court denied the petition without opinion. A hearing was granted by this court, and an alternative writ of prohibition issued. Meanwhile, the main action went off calendar.

The governing statute, section 583 of the Code of Civil Procedure, is mandatory, requiring dismissal of an action not brought to trial within five years from the filing thereof, unless the parties have stipulated for an extension. (*Rosefield Packing Co.* v. *Superior Court, supra.*) The present action, commenced in January, 1930, was subject to dismissal at the time of the motion made by petitioners (July 15, 1936), unless the circumstances set forth above in some way interrupted the running of the period. Respondent has advanced several reasons why the statutory period should not be deemed to have elapsed. It is suggested, for example, that the conduct of petitioners in delaying the action by the proceedings instituted for change of venue, and further by their acts inducing the plaintiff to allow the cause to go off calendar pending negotiations for settlement, justifies the application of the doctrine of estoppel. On this ground it is argued that the respondent court acted within its jurisdiction in denying the motion, and that consequently prohibition will not lie. But estoppel resulting from such con-

duct does not appear to be a proper ground for creating an exception to the terms of the statute. (See *Miller & Lux* v. *Superior Court*, 192 Cal. 333, 339 [219 Pac. 1006].)

We are nevertheless of the opinion that the motion was properly denied for another reason. Respondent contends that while the appeal from the order changing venue was pending in the District Court of Appeal, it was not possible for the plaintiff to bring the cause to trial; and that upon the successful termination of this appeal, plaintiff was restored to his position at the time the erroneous order was made with the result that the statutory period provided by section 583 did not run during the interval of 3 years and 9 months. In our view this contention is sound, and the peculiar circumstances of this case must be deemed to give rise to one of the exceptions to the terms of section 583.

Petitioners, relying upon the general language of such cases as *Miller & Lux* v. *Superior Court, supra,* and *Rosefield Packing Co.* v. *Superior Court, supra,* argue that in the light of the plain language of the statute there is only one circumstance that can suspend the running of the period, and that is the written stipulation provided for by the section itself. These decisions cannot, however, be so narrowly interpreted. It may be true that they absolutely deny any means of suspension, save by written stipulation, where it is *possible* to bring the cause to trial. But, despite the mandatory language of the statute, *implied exceptions* have been recognized where it was *not possible* to bring the cause to trial. Thus, where an appeal from a judgment is taken, the trial court has no jurisdiction to proceed in the cause during the pendency of the appeal, and consequently the time consumed on appeal is not considered as part of the statutory period. (*Kinard* v. *Jordan,* 175 Cal. 13 [164 Pac. 894].) And where contestants of a will were induced by fraud to consent to a dismissal of their contest, and later had the dismissal vacated, the court held that the time between the dismissal and the reinstatement of the action was to be excluded in computing the five-year period. (*Estate of Morrison,* 125 Cal. App. 504 [14 Pac. (2d) 102].) (See, also, *Allyne* v. *Superior Court,* 200 Cal. 661 [254 Pac. 564].)

These cases are not, it is true, directly analogous to the instant case. Petitioners argue that they are all distinguishable on the ground that in each of them the court

below had lost *jurisdiction* to proceed in the cause, e. g., by reason of the appeal or the dismissal which divested the court of power to act. They point to the rule that an appeal from an order granting change of venue does not, without a writ of *supersedeas*, divest the lower court of jurisdiction to proceed. (Code Civ. Proc., sec. 949.) Accordingly, they conclude that the statutory period was not suspended in the instant case. They recognize, as they must, the propriety of implied exceptions to section 583 of the Code of Civil Procedure based upon the inability of the parties to bring the cause to trial, but stand on the proposition that this is not such a situation. We are thus led to a consideration of the question whether it was in fact possible for plaintiff to have brought the cause to trial during the time the appeal was pending.

Let us first suppose that plaintiff attempted to go to trial in the Los Angeles Superior Court. As it subsequently developed upon the determination of the appeal some three years later, this was the proper court. But the court had sent all of the records in the case to San Francisco. The case could not be tried without them. Petitioners suggest that plaintiff might have obtained the records, but we believe this to be gravely in doubt. Plaintiff might have made a motion in the Los Angeles court to have the said court vacate its erroneous order granting the change of venue, but the matter had already been fully heard twice before the court on the first and second motions for change of venue, and there is no reasonable ground to suppose that the motion to vacate would have been of any effect. Plaintiff also might have sought to have the records retransferred from San Francisco to Los Angeles by means of the extraordinary remedy of *mandamus;* but with his appeal pending, and no other facts then existing to show inadequacy of the remedy by appeal (it being of course impossible to foresee the future delays in its determination), the writ might well have been denied. Hence, where in fact the circumstances made it impossible to try the case in Los Angeles because of the absence of the records, the speculative possibility of changing those circumstances by attempting the above-mentioned remedies is immaterial.

Now we may suppose that plaintiff proceeded to trial in San Francisco, after having taken the position in his con-

temporaneous appeal that San Francisco was not the proper venue of the action. We may assume that voluntary going to trial would not constitute a waiver of the right on appeal, and that upon appeal, the appellate court would decide, as it did, that the trial court's second order, changing venue to San Francisco, was void. The effect of the reversal would be to nullify the trial in San Francisco and any judgment or rights obtained as a result thereof, restoring all parties to their positions prior to the rendition of the void judgment, i. e., to a position where the cause might be brought to trial in Los Angeles. (*Howell* v. *Thompson,* 70 Cal. 635 [11 Pac. 789].) We are thus asked to conceive of a protracted trial, requiring the attendance of, and payment of fees to witnesses and jurors, with court costs and attorneys' fees, contemporaneous with a vigorous attempt to render the same nugatory on appeal; and all this in a situation where, in fact, the San Francisco court would not be able to render a valid judgment. Must clients be charged with this unnecessary expense, and the courts clogged with this useless proceeding, all because of a void order of the lower court, or an overstrict interpretation of the dismissal statute?

 The purpose of the statute is plain: to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years, for it permits the parties to extend the period without limitation, by written stipulation. And, as we have already pointed out, despite the mandatory language implied exceptions are recognized. Are these exceptions based upon the technical concept of *jurisdiction,* and applicable only where the court is completely lacking in the legal power to proceed, or do they arise from the fact that the party is unable, from causes beyond his control, to bring the case to trial? The carefully reasoned opinion in *Estate of Morrison, supra,* is illuminating here. The court declared that the case of *Kinard* v. *Jordan, supra,* had established the precedent of disregarding the time during which the jurisdiction of the trial court was suspended, thereby setting reality above artificiality. The opinion also states (p. 510):

"Situations are thus recognized which repel a strained construction of the statute.

"No logical distinction can be made between a temporary suspension of proceedings in the trial court, consequent upon

a dismissal induced by fraud or mistake, and a suspension of the power of the trial court to proceed by reason of the pendency of an appeal. In either case, the action or proceeding is withdrawn from the cognizance of the court of first instance during the period of suspension.''

The theory of this decision seems to us to be equally applicable to a situation where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile. In this connection, a useful analogy may be drawn from the rules on impossibility as a defense in the enforcement of contract obligations. Modern cases recognize as a defense not only objective impossibility in the true sense, but also impracticability due to excessive and unreasonable difficulty or expense. (See *Mineral Park Land Co.* v. *Howard,* 172 Cal. 289 [156 Pac. 458, L. R. A. 1916F, 1] ; *People* v. *Meyers,* 215 Cal. 115 [8 Pac. (2d) 837] ; Restatement, Contracts, sec. 454.)

Counsel for plaintiff, in prosecuting his appeal from the void order, and in taking no steps toward a futile trial in San Francisco, nor any futile steps toward a trial in Los Angeles, acted reasonably and with due regard to the interests of his client and the courts. There was no way in which he could secure a speedier decision by the appellate court. If the actual time on appeal had consumed the whole of the five-year period, could plaintiff have been held barred from going to trial? This would be an amazing miscarriage of justice, penalizing conduct entirely reasonable, and inducing procedure detrimental to the interests of both court and litigants. And the same is true where not the whole period, but a substantial part of it is consumed on appeal. We are therefore led to the conclusion that under the circumstances of this case, the time consumed by the appeal from the order changing venue is not to be counted as part of the five-year period specified by section 583 of the Code of Civil Procedure.

The alternative writ of prohibition heretofore issued is discharged and the peremptory writ is denied.

Curtis, J., Edmonds, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.