[Civ. No. 7141.   Third Dist.   July 20, 1945.]

CALIFORNIA EMPLOYMENT STABILIZATION COMMISSION, Respondent, v. GUERNEWOOD PARK RESORT & TAVERN (a Partnership) et al., Appellants.

246

Clarendon W. Anderson, John B. Ehlen and Barrett & McConnell for Appellants.

Robert W. Kenny, Attorney General, and Ralph R. Planteen, Clarence A. Linn and Doris H. Maier, Deputies Attorney General, for Respondent.

PEEK, J.—Under the provisions of sections 37, 38 and 44 of the California Unemployment Insurance Act, chapter 352, Statutes of 1935, as amended [Deering's Gen. Laws, Act 8780d], the plaintiff and respondent sought to collect unemployment insurance contributions and interest thereon from defendants and appellants for the period from January 1, 1937, to and including June 30, 1939. On February 8, 1944, subject to defendants' motion to dismiss for lack of prosecution, the case was heard on its merits and thereafter the court by its order denied said motion and gave judgment in favor of plaintiff. No attack is made upon the judgment. The sole

question presented to this court is whether or not the trial court abused its discretion in denying appellants' motion to dismiss for lack of prosecution.

A history of the proceedings as shown by the clerk's transcript and the testimony of the only witness, the attorney for respondent, may be chronologically summarized as follows:

February 9, 1939, complaint filed.

February 27, 1939, letters received by respondent from Attorney Steinmetz, counsel for appellants, requesting extensions of time to plead.

March 9, 1939, similar letters received by respondent from Attorney Steinmetz.

No date, court's order granting appellants' request extending time to March 20th in which to plead.

No date, court's order granting appellants' request extending time to March 30th in which to plead.

March 17, 1939, extension granted appellants to April 20, 1939.

April 20, 1939, general demurrer of defendant Koehne filed by Attorney Kroyer.

April 20, 1939, general demurrer of defendant Herling filed by Attorney Steinmetz.

No date, several letters were thereafter written by Attorney Steinmetz requesting that the hearings on the demurrers should be continued.

September 3, 1940, order extending time issued by court at the instance of appellant Koehne granting him to and including September 16, 1940, to plead.

September 16, 1940, general demurrer of defendants Koehne and Herling filed by Attorney Kroyer.

November 22, 1940, arguments on demurrers heard and overruled with fifteen days to answer.

December 30, 1940, answer filed by appellant Koehne, represented by Attorney Kroyer.

January 10, 1941, memorandum to set filed by plaintiff.

February 3, 1941, trial set upon court's own motion for March 19, 1941.

February 15, 1941, respondent served appellants with notice to produce payroll records.

February 17, 1941, notice with admission of service filed by Attorney Kroyer, setting cause for March 19, 1941.

March 1, 1941, Attorney Kroyer died.

March 21, 1941, respondent notified of death of Attorney Kroyer.

March 26, 1941, notice of death of attorney pursuant to section 286 of the Code of Civil Procedure, given by plaintiff to defendants, and case continued to March 28th to be reset for trial.

May 9, 1941, respondent filed notice of motion for leave to file amended complaint.

May 12, 1941, amended complaint filed.

June 2, 1941, notice that case was set for June 18, 1941, with affidavits of service by mail filed.

June 2, 1941, Attorney Charles J. McGoldrick, by a letter to respondent informed it that he had been retained as counsel for one of the partners, the other partner having died, and requested that the case be dropped from the trial calendar, to be reset in September.

On or about June 5, 1941, counsel for respondent requested that the court drop the case from the trial calendar, to be reset during the month of September, 1941.

June 6, 1941, stipulation that order setting case for trial for June 18, 1941, be set aside and matter be heard in September, 1941, filed.

June 9, 1941, Attorney McGoldrick requested extension of time for appellants to plead to the amended complaint.

June 20, 1941, William W. Godward informed respondent by letter that he was associated with Attorney McGoldrick, and requested a further extension of time.

July 9, 1941, notice of date of trial on September 8, 1941, served on counsel for appellants.

July 28, 1941, answer to amended complaint filed by William Godward upon stationery of Barrett & McConnell, attorneys at law, Santa Rosa, with whom Attorney Godward was associated.

August 29, 1941, stipulation filed that case be set for September 22d, 23d or 24th.

September 6, 1941, respondent, due to absence of its auditor, requested continuance of trial date to October 6, 1941.

No date, respondent requested further continuance to November 5, 1941.

September 26, 1941, case set for trial for November 5, 1941, at request of Godward.

No date, by stipulation and request of counsel for plaintiff the order setting case for trial for November 5, 1941, was thereafter set aside.

Shortly after Pearl Harbor, Godward entered the army services as did several members of the legal staff of respondent.

On October 28, 1941, a claim was filed in the Superior Court of the City and County of San Francisco by respondent against the estate of Charles A. Seiger. Seiger was a partner of appellants herein.

February 23, 1943, respondent received notice of rejection of its claim in estate of Seiger.

November 19, 1943, memorandum to set cause for trial served upon "Barrett & McConnell, attorneys at law, Santa Rosa."

November 20, 1943, Barrett & McConnell wrote plaintiff in part as follows: "We have a copy of your letter of November 19 . . . requesting that this case be set for trial on December 16, 1943 at 10:00 o'clock A. M. The writer expects to try this case but will be unable to try it on the date suggested as he is compelled to be in Los Angeles from December 15th to December 19th. We think any date in January which meets your convenience will be agreeable to us and suggest that you notify the clerk accordingly."

November 20, 1943, notice from Walter H. Nagle, county clerk, received by respondent notifying it that Barrett & McConnell could not try the case upon the date set, that the judge was engaged in a criminal proceeding on said date, and that he would notify respondent when the matter had been set for trial.

November 30, 1943, plaintiff requests the clerk in writing that the case to be set for trial on January 5th, 6th or 12th.

December 1, 1943, notice of setting case for trial on January 12, 1944, received by respondent.

December 28, 1943, respondent advised by letter from Barrett & McConnell:

". . . We are in receipt of notice of trial in above matter which notice we are designated as attorneys for defendants.

We have been unable to locate any file in this matter in our office, although the writer has some recollection of having talked to someone regarding the matter two or three years ago. If you can give us the name of the individual who was in charge of the defendants' operations for the year in question we will get in touch with him and see what arrangements can be made to proceed to trial."

January 3, 1944, respondent served notice of taking deposition in Sacramento on January 10, 1944, of Thomas Castles.

"In our letter to you of December 28th, we advised you that we had no record in our office of this action. . . . When

we wrote you on November 20 last, in response to your previous letter that we were unable to try the case on December 16, the writer was under the impression that the case was one which had been handled by Mr. McConnell in this office, who has been ill and out of the office since last August.

". . . Subsequent to the death of Mr. Kroyer, William W. Godward of Santa Rosa was substituted as attorney for the defendants and filed an answer on behalf of defendants to the amended complaint. Mr. Godward has been in the navy for the past year and a half or two years. There has apparently been no substitution of any attorney in his stead. We were advised, on telephoning yesterday to Mr. Koehne, that Mr. Charles McGoldrick, formerly assistant district attorney, had taken up the matter informally with the Department, with a view to effecting a settlement, but that nothing came of these negotiations. Mr. McGoldrick is now in the United States Coast Guard.

"We are giving you the above information so that you may know the situation. We are not attorneys of record and have never been employed in the matter and we do not anticipate being employed at this time. . . . At any rate we are not authorized to appear for the defendants in any capacity and it would appear to us that the matter will have to be continued for trial at a later date."

January 8, 1944, letter from plaintiff to Barrett & McConnell: ". . . Our records indicate this employing unit was a partnership consisting of M. H. Herling and K. H. Koehne as partners."

January 10, 1944, notice by respondent to appellant M. H. Herling to appoint an attorney or to appear in person.

January 17, 1944, notice of trial served on appellants by mail.

January 27, 1944, notice to produce records on trial served upon appellants.

January 31, 1944, return receipt of registered mail received by plaintiff signed by M. H. Herling.

February 2, 1944, Barrett & McConnell advised respondent that they were enclosing a copy of notice of motion to dismiss the action for want of prosecution.

February 8, 1944, motion for continuance and motion to dismiss served upon respondent by C. W. Anderson, attorney for appellant Koehne.

February 8, cause heard.

█ Section 583 of the Code of Civil Procedure provides in part:

"The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court . . . on motion of the defendant after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. . . ."

It is thus apparent that the quoted provisions of said section purport to permit a dismissal in the discretion of the court at any time after two years and require a dismissal at any time after five years except where the parties have stipulated otherwise. The periods of two and five years run from the time of the commencement of the action rather than from the time of the filing of the answer as the section previously provided. (*Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal. App.2d 725 [107 P.2d 494].) █ In the present case the motion for dismissal was filed and heard on the day of trial, just one day short of the five-year period, and therefore admittedly within the period in which the court in the exercise of its discretion had the power to grant or deny appellants' motion to dismiss the action. Inasmuch as said motion fell within the discretionary period the order of the court denying the same will not be disturbed "except upon a showing of a clear abuse of discretion." (*Hibernia Sav. & Loan Soc.* v. *Lauffer, supra,* at p. 729.)

█ A cursory reading of the previously mentioned chronological history of the case is sufficient to show, as the trial court stated, that not only did the respective parties and their counsel contribute to the delay but that death and war also directly intervened. After summarizing the situation thus presented, the trial court in its order denying appellants' motion stated: "Under the circumstances as disclosed by the evidence the court is of the opinion that in the exercise of a sound discretion defendants' motions to dismiss ought not to be granted. This opinion is entertained despite the obvious legislative intent reflected by the code section cited to eliminate the too frequent legal delays by expressly stating limits of

discretionary and mandatory dismissals in addition to the inherent powers of the courts themselves to obviate delays.'' However, the court further observed that neither the statute nor other technical rules of procedure should be held to be so inexorable as to require that a court should lose sight of the fundamental purpose of judicial administration nor close its eyes to the natural consequences, the hardships and the universal dislocation resulting from a world at war. By such observations based (as the record and the order distinctly show) upon a careful examination of each contributing factor, it is evident that the action of the court was neither arbitrary nor wilful but that its discretion was exercised as it should be, liberally in conformity with the spirit of the law, in a manner to subserve and not to impede or defeat the ends of substantial justice.

In light of such circumstances to argue as do appellants that said order of the court was an abuse of its discretion is to ''say that the law allows no latitude for the exercise of discretionary power, [and] is to deny that the power is discretionary.'' (*Clavey* v. *Lord*, 87 Cal. 413 [25 P. 493].)

As stated in their motion to dismiss, the ground upon which appellants relied was the alleged inexcusable delay on the part of respondent in bringing the case to trial and was made upon the ''records, pleadings, papers and files'' in said action, which we have previously summarized. In view of the record so presented and the facts and circumstances therein set forth we cannot say that the denial of appellants' motion was an abuse of discretion. Whether or not the action was diligently prosecuted was for the trial court to determine (*Jackson* v. *De Benedetti*, 39 Cal.App.2d 574 [103 P.2d 990]; *Ferris* v. *Wood*, 144 Cal. 426 [77 P.1037]), and its determination thereof is limited only in that the exercise of such discretion cannot be abused. (*Clavey* v. *Lord, supra.*)

This court, in the case of *Gray* v. *Times-Mirror Co.* (11 Cal. App. 155 [104 P. 481]), quoting with approval from the case of *Bernard* v. *Parmelee*, 6 Cal.App. 537 [92 P. 658], wherein, upon application of the defendants the action was dismissed upon the ground that the same had not been prosecuted with reasonable diligence, and the only question therein presented for determination was the same as in the present case, stated at page 546:

''Each case must, as we have seen from all the authorities,

rest upon its own peculiar circumstances, or, as it is expressed in *First Nat. Bank* v. *Nason,* 115 Cal. 626 [47 P. 595], 'each particular case presents its own peculiar features, and no iron-clad rule can justly be devised applicable alike to all.' "

Our examination of the record in light of the circumstances shown therein has disclosed nothing which would justify this court in saying that the trial court abused its discretion in denying appellants' motion to dismiss the action.

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.