[Civ. No. 15659.   Second Dist., Div. Two.   May 12, 1947.]

ELSIE HUNT, Appellant, v. UNITED ARTISTS STUDIO INC. (a Corporation) et al.; Defendants; ALEXANDER KORDA, Respondent.

P. E. Caveny for Appellant.

Mitchell, Silberberg & Knupp and Leonard A. Kaufman for Respondent.

MOORE, P. J.—The question for decision is whether the trial court abused its discretion in dismissing the action pursuant to section 583, Code of Civil Procedure,* after its pendency for six years and nine months by reason of settings and continuances of the cause with the respondent's consent, both before and after the expiration of the five-year period, and finally in permitting the case to go off calendar.

Appellant filed her action for damages on account of alleged plagiarism May 10, 1939. Respondent filed his notice of motion for an order dismissing the action January 29, 1946. The order of dismissal was entered 25 days later. The chronology of filings and orders shows 63 in number, 42 of which bear dates prior to the filing of the answer two and a half years after the suit had been commenced. Of those 42 eight were stipulations. After the action was finally at issue its trial was set for August 17, 1944. Thereafter it was successively continued to January 3, March 21, April 4, May 9, and finally to November 21, 1945. On the latter date the case went off calendar and appellant's present counsel was substituted for Attorney Taylor.

█ The sole basis of the appeal is that the participations of respondent in the setting for and continuances of the trial are tantamount to a stipulation to extend the five-year term. Such contention is not supported by law. The mandatory provision of section 583 leaves but slight latitude for the exercise of discretion. Statutes enacted for the purpose of limiting the time within which actions may be commenced, of limiting the period actions may pend without a trial, and

---

*"Dismissal of actions. . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended, and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period. When, however, such defendant has, or has had, an attorney of record for a sufficient time to enable the action to have been tried if the plaintiff had acted with due diligence, such period of absence or concealment shall be a part of said five-year period. . . ."

of requiring certain kinds of contracts to be in writing are laws designed to maintain the repose of society and the tranquility of the state. They bespeak the attitude of the sovereign power and may not be enlarged or restricted except where the party who invokes them has been guilty of such conduct as would cause injustice to his adversary should an order of dismissal be granted. Many situations are reported in each of which estoppel was vainly pleaded by the plaintiff against the motion for a dismissal where the parties had stipulated for a trial date after the five-year period. (*Smith* v. *Bear Valley etc. Co.*, 26 Cal.2d 590 [160 P.2d 1]; *Miller & Lux* v. *Superior Court*, 192 Cal. 333 [219 P. 1006]; *Larkin* v. *Superior Court*, 171 Cal. 719 [154 P. 841, Ann.Cas. 1917D 670]; *City of Los Angeles* v. *Superior Court*, 185 Cal. 405 [197 P. 79]; *Sedarovich* v. *Paul*, 16 Cal.App.2d 452, 454 [60 P.2d 871]; *Rosenfelt* v. *Scholtz*, 17 Cal.App.2d 443, 444 [62 P.2d 381].) In those cases the stipulation did not effect a waiver of the defendants to a dismissal, but on the contrary it was held that unless after the five-year period has expired the parties stipulate in writing for a further extension of the period it is mandatory upon the court to dismiss the action, after due notice to the plaintiff. (*Smith* v. *Bear Valley etc. Co., supra.*)

The only stipulation filed for a continuance of the trial of the present action was that filed on August 17, 1944. That document authorized a continuance to "such time as suits the court." The order fixing January 3, 1945, as the day of trial exhausted the force and function of that stipulation. Consequently such stipulation may not supplement subsequent oral agreements or consents to further continuances so as to avoid the mandatory effect of the statute. (*Mercantile Investment Co.* v. *Superior Court*, 218 Cal. 770, 773 [25 P.2d 12].) Nor does one stipulation extending the statutory period operate as a waiver for all future time. (*Miller & Lux* v. *Superior Court, supra*, 337.) Subsequent to such written stipulation there were four other continuances within the following 15 months prior to November 21, 1945, when the case was dropped from the calendar. But neither one nor all of the acts of respondent in orally acquiescing in such settings for trial had the effect of a written stipulation extending in express terms the time of trial to a date beyond the five-year period. The only means whereby the defendant is bound by a postponement of the date of trial to a time beyond the statutory period is by his written stipula-

tion expressly extending the time beyond such period or by his express waiver by writing or in open court of his right to a dismissal under section 583, Code of Civil Procedure. Inasmuch as there was no stipulation extant on January 29, 1946, granting appellant further time to toy with her lawsuit and the court, respondent was strictly within his rights to move for a dismissal.

Appellant asserts that it was impracticable to bring her action to trial prior to the expiration of the five-year period for two reasons, namely, (1) the absence of respondent from the state and (2) she was without counsel, he having been suspended. The statute makes no provision for the denial of the motion on either account. But disposing of the two grounds in their order, respondent's absence from the state was never established by appellant. The only reference in any document to his absence is the declaration in his counsel's affidavit filed March 20, 1945, in support of his motion for a nonjury trial that respondent was then in London for an indefinite period. This was 10 months prior to the filing of his motion to dismiss. But if he had been in Europe even in January, 1946, it would have had no effect upon the trial. The court had already on November 21, 1945, granted a nonjury trial primarily because of the long delays in bringing the case to trial and of the necessity for respondent to give his deposition so that his presence would not be necessary to a just determination of the action. If he was absent it was after the five-year period and his deposition had been filed, rendering his presence unnecessary. Furthermore, neither his absence nor even his death could interrupt the running of the five-year period. (*Smith* v. *Bear Valley etc. Co., supra,* 602.) In support of her argument appellant cites the following authorities: *California Employment Stabilization Commission* v. *Guernewood Park Resort & Tavern,* 70 Cal.App.2d 245 [160 P.2d 581]; *Ojeda* v. *Municipal Court,* 73 Cal.App.2d 226 [166 P.2d 49]; *Carmichael* v. *Superior Court,* 55 Cal.App.2d 406 [130 P.2d 725]; *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665]. They do not support her contention. The California Employment Stabilization Commission case is not applicable, the motion having been filed before the five-year period. In *Ojeda* v. *Municipal Court* the motion was denied because the defendant had been absent from the state for most of the five years. In the Carmichael case the defendants had

not been served with summons. In the Christin case it was not possible to bring the action to trial while the order changing venue was on appeal. In *Pacific Greyhound Lines* v. *Superior Court* the plaintiff in the original action was entitled to a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act.

It is thus seen that not one of the authorities cited applied to a situation where the defendant had been served more than five years prior to his departure from California and had an attorney of record at all times. The last amendment (1945) to the statute provides that the period of defendant's absence shall be a part of the five-year period when he has had an attorney of record "for sufficient time to enable the action to have been tried if the plaintiff had acted with diligence."

■ The suspension of appellant's attorney did not render it "futile or impracticable" to bring the case to trial prior to the expiration of the five-year period. That attorney was suspended in July, 1945. The case had been set for trial on May 9 of that year. At that time the case had been filed exactly six years. The attorney had not been suspended on the latter date when the cause was continued to November 21, another delay of six months and 12 days. When the November day arrived her new counsel's substitution was filed and the case was stricken from the calendar. From the record nothing indicates that the suspension of original counsel interfered with the prosecution of the action. It occurred after the case had been pending over six years, and during the suspension appellant deposited jury fees with the clerk. Also, during such suspension respondent did not require appellant to appoint other counsel, as he might have done (Code Civ. Proc., § 286), but waited over two months after Mr. Caveney had been substituted before serving notice of motion for dismissal. Dismissal of a cause under section 583 is not to be denied because the plaintiff's attorney is deceased or suspended. The lapse of the five-year period is not a "proceeding" contemplated by section 286, *supra*. (*Larkin* v. *Superior Court*, 171 Cal. 719 [154 P. 841, Ann.Cas. 1917D 670].)

There is no stipulation for extending the five-year period in defendant's notice of motion that when the "action comes on for trial to wit, on the 4th day of April, 1945" defendant would move for trial without jury. Such notice contained no agreement for extension of the five years nor is it even

an offer to stipulate. Obviously it was designed to invoke the arbitration of the court upon the matter of dispensing with a jury concerning which the parties were in disagreement. Appellant having failed to agree in writing to respondent's wishes, there was no stipulation to extend the statutory period. (*Miller & Lux* v. *Superior Court,* 192 Cal. 333, 340 [219 P. 1006].) The notice contained nothing to indicate respondent's consent to extend the five-year period. He was signifying his intention to move the court for an order bearing upon the conduct of future proceedings. Had there been a stipulation, presumptively such motion would not have been made.

Appellant contends that respondent's conduct and actions constituted a waiver, and argues that the court impliedly found such to be true by its orders setting the trial dates beyond the five-year period. The appearances of respondent's counsel at the times noticed for the setting of the case beyond the expiration of the five years did not operate to forfeit respondent's right to a dismissal for appellant's failure to bring the cause to trial within the statutory period. (*Mercantile Investment Co.* v. *Superior Court, supra; Miller & Lux* v. *Superior Court, supra; City of Los Angeles* v. *Superior Court,* 185 Cal. 405, 409 [197 P. 79].) In *Ravn* v. *Planz,* 37 Cal.App. 735 [174 P. 690], the trial had been continued to a day beyond the statutory period on the motion of defendant and without plaintiff's consent. However, when the plaintiff appeared with his witnesses on the date fixed for the trial he discovered that it was mandatory upon the court to yield to defendant's motion for a dismissal because five years had passed since the *filing of the answer,* as the statute then provided. Such dismissal would have been avoided had the court on the day of the continuance sworn a witness and thereby commenced the trial.

Appellant's authorities cited in support of her claim that the acts and conduct of respondent constituted a waiver of his rights under section 583 are *Larkin* v. *Superior Court,* 171 Cal. 719 [154 P. 841, Ann.Cas. 1917D 670] ; *Koehler* v. *Peckham,* 11 Cal.App.2d 481 [54 P.2d 500] ; *Rio Vista Mining Co.* v. *Superior Court,* 187 Cal. 1 [200 P. 616] ; *Govea* v. *Superior Court,* 26 Cal.App.2d 27 [78 P.2d 433] ; *Bayle-Lacoste & Co.* v. *Superior Court,* 46 Cal.App.2d 636 [116 P.2d 458] ; *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153] ; *First National Bank* v. *Nason,* 115 Cal. 626 [47 P. 595] ; *California Employment Stabilization Commis-*

*sion* v. *Guernewood Park Resort & Tavern,* 70 Cal.App.2d 245 [160 P.2d 581]. A scrutiny of such authorities reveals no such holding. In the Larkin case the superior court was ordered to dismiss the action notwithstanding continuances and death of the former administrator. In the Rio Vista and Koehler cases continuances were by written stipulation to days beyond the five-year period. The Govea decision held that a stipulation in open court is tantamount to the filing of a written stipulation as contemplated by section 583. *Bayle-Lacoste & Co.* v. *Superior Court* deals with a party who had not been served with summons but who after five years filed his answer and cross-action whereby he waived objection to the jurisdiction and to the right of dismissal. *First National Bank* v. *Nason* and *California Employment Stabilization Commission* v. *Guernewood Park Resort & Tavern* both appealed to the court's discretion. In *Smith* v. *Bear Valley etc. Co.* the parties had extended the period by written stipulation. On the contrary, the law is that unless a stipulation is on file for an extension beyond the expiration of the five years the action must be dismissed. (*Smith* v. *Bear Valley etc. Co., supra.*)

It is thus demonstrated that the motion of respondent was not addressed to the discretion of the court, and that in the absence of a written stipulation or its equivalent the court was powerless to deny the motion.

Finally, appellant complains that the court refused to vacate its order of dismissal of the action upon appellant's motion, and has appealed from the order refusing to vacate the order of dismissal. There are two answers to such appeal: (1) It is supererogatory since the entire issue was determined by the court's order dismissing the action, and the disposition of the appeal therefrom is the primary purpose of this opinion; (2) appeal does not lie from such an order. (*Driscoll* v. *Shipp,* 21 Cal.App.2d 369, 370 [69 P.2d 429]; 2 Cal.Jur. 164.) If a new proceeding could be initiated to settle the very same issues as those resolved by a prior order the time for appeal would never end. The trial court having once made its decision has no power to vacate or modify it for mere judicial error. (*Stevens* v. *Superior Court,* 7 Cal.2d 110 [59 P.2d 988].) It has no jurisdiction to vacate an order of dismissal except upon the grounds specified in section 473, Code of Civil Procedure.

Orders affirmed.

McComb, J., and Wilson, J., concurred.