[Civ. No. 13663.   First Dist., Div. One.   Feb. 27, 1948.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; JAMES G. BRYANT, as Director of Employment, etc., Real Party in Interest.

G. D. Schilling and R. I. McCarthy for Petitioner.

Fred N. Howser, Attorney General, and Chas. W. Johnson, Deputy Attorney General, for Respondent.

WARD, J.—An alternative writ of mandate was issued in this proceeding to test the right to dismiss the complaint in an action by California Employment Commission (formerly Unemployment Reserves Commission), against petitioner herein, Bank of America National Trust and Savings Association, a national banking association. The ground of the petition is that the action was not brought to trial within five years after filing the complaint. (Code Civ. Proc., § 583.)

The complaint was filed February 6, 1942, and the cause set for trial June 24, 1947, leaving an intervening period of five years, four months and 18 days. The date of the filing of the motion to dismiss was June 19, 1947, just five years, four months and 13 days after the date of the filing of the complaint. Mandate was sought after petitioner's motion had been denied.

■ Code of Civil Procedure, section 583 operates against the State of California. (*Superior Oil Co.* v. *Superior Court,* 6 Cal.2d 113 [56 P.2d 950].) The section, so far as the present facts are concerned, provides that "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have [filed a stipulation] in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period." Note that in 1947 the section was amended to provide that any stipulation of continuance shall be filed. There

are other provisions of the section, but they are not pertinent to the facts presented.

■ Respondent urges that from the period of five years plus, there must be excluded two years and three days during which there was some doubt as to the jurisdiction of the court because there was some discussion relative to the possibility of bringing in additional parties. It is not incumbent upon this court in the present mandate proceedings to determine that question. Whatever the merits of that motion may be the superior court had jurisdiction to proceed to a trial of the case when at issue from the date of the filing of the action, February 6, 1942, until respondent bank filed a motion, on October 28, 1943, to bring in other parties. It is apparently true that "when the trial court finds, or the record indisputably shows, that a 'complete determination of the controversy cannot be had without the presence of other parties,' such parties become necessary and indispensable parties and the section [Code Civ. Proc., § 389] is mandatory and the question then becomes one of jurisdiction in that the court may not proceed without bringing them in." *(Ambassador Petroleum Co.* v. *Superior Court,* 208 Cal. 667, 671 [284 P. 445].) However, " 'the general rule is, that the court will not order new parties defendant to be brought in against the will of the plaintiff, unless the presence of such new parties is necessary to the determination of the action.' " *(East Riverside etc. Dist.* v. *Holcomb,* 126 Cal. 315, 320 [58 P. 817], quoted in the Ambassador Petroleum case, p. 671.) Until reversed on appeal, the trial court's determination that additional parties were not necessary to the determination of the action stands.

The two years and three days, in which counsel had doubt as to the jurisdiction but took no action thereon, has nothing more to do with the present motion to dismiss under section 583 than the period consumed in determining a demurrer or one of the many motions that may be made before the case is brought to trial. *(Breakstone* v. *Giannini,* 70 Cal.App.2d 224 [160 P.2d 887]; *Rosefield Packing Co.* v. *Superior Court of San Francisco,* 4 Cal.2d 120 [47 P.2d 716].) To the same effect, though upon the two-year period mentioned in section 583, see *Smith* v. *Wiget,* 75 Cal.App.2d 591 [171 P.2d 563].

This court will refrain from determining that, as applicable to the present case, the time—three months and 12 days—actually consumed in presenting, briefing and determining

the motion to bring in additional parties as petitioner herein concedes may be subtracted from the period of five years, four months and 18 days. This subtraction of the last stated period does not bring the interval from the date of filing the complaint until the date of trial within the provisions of section 583.

■ There is a reference to a period during which the respective attorneys either personally or by letter attempted to agree on a statement of facts upon which the case should be submitted, but there is no contention that defendant lulled plaintiff into a sense of security or practiced fraud in agreement on continuances for trial. If sound, this contention would give ground to a claim of estoppel. This does not appear to be a proper ground for making an exception to Code of Civil Procedure, section 583. In *Christin* v. *Superior Court,* 9 Cal.2d 526, at pages 529-530 [71 P.2d 205, 112 A.L.R. 1153], the court considers the contention made by respondent that petitioners' acts "inducing the plaintiff to allow the cause to go off calendar pending negotiations for settlement, justifies the application of the doctrine of estoppel . . . But estoppel resulting from such conduct does not appear to be a proper ground for creating an exception to the terms of the statute. (See *Miller & Lux* v. *Superior Court,* 192 Cal. 333, 339 [219 P. 1006].)''

■ It is contended that the period between the actual setting of the case for trial and the date of trial should be excluded from the five-year period. This would require a holding that the date of setting a case is the date of trial. The section requires that the action be "brought to trial" within the five years. There is no contention here that when the motion to set was made the plaintiff called the attention of the presiding judge to the fact that the five-year period was about to expire. It may be that if a plaintiff moves to set well within the five years and requests that the cause be set for trial before the expiration of that period a failure to so set the cause for trial *might* be an abuse of discretion and such period might be excluded on the theory that it falls within the rule of those cases excluding periods where it is practically impossible to proceed. We do not have to and do not decide that question in this case simply because the plaintiff made no such showing or request.

Respondent contends that the "period of eight days, being holidays, of which this court may take judicial notice and

which, by force of section 12(a) of the Code of Civil Procedure, are excluded in computing time under the Code of Civil Procedure. These holidays are: November 26, 1942, Thanksgiving Day; December 26, 1942, Saturday following Christmas, by proclamation of Governor Olson; November 25, 1943, Thanksgiving Day; November 23, 1944, Thanksgiving Day, August 15, 1945, VJ Day by proclamation of Governor Warren; November 22, 1945, Thanksgiving Day; June 16, 1946, Bear Flag Day; and November 28, 1946, Thanksgiving Day.'' The eight days added to the time conceded by petitioner would not change the result and therefore will not be given consideration.

It has been held that lack of jurisdiction or because it would be futile to proceed to trial may be considered in determining the applicability of section 583. *(Pacific Greyhound Lines v. Superior Court,* 28 Cal.2d 61 [168 P.2d 665]; *California Emp. etc. Com. v. Guernewood etc. Tavern,* 70 Cal.App.2d 245 [160 P.2d 581].) ▮ The fair test is whether plaintiff in view of statutory provisions has had a reasonable opportunity to bring the action to trial. *(Ojeda v. Municipal Court,* 73 Cal.App.2d 226 [166 P.2d 49]; *Hunt v. United Artists Studio,* 79 Cal.App.2d 619 [180 P.2d 460].)

In conclusion, respondent cites *California Emp. etc. Com. v. Guernewood etc. Tavern, supra,* where the motion for dismissal was filed and heard on the day of trial, just one day short of the five-year period, and (p. 251) ''within the period in which the court in the exercise of its discretion had the power to grant or deny appellants' motion to dismiss the action.'' In affirming a denial of the motion to dismiss the court stated (p. 251): ''A cursory reading of the previously mentioned chronological history of the case is sufficient to show, as the trial court stated, that not only did the respective parties and their counsel contribute to the delay but that death and war also directly intervened.'' Such facts do not appear in this case. The record shows that petitioner has established as a matter of law that under the provision of section 583 the facts presented demand that the action be dismissed. It is so ordered.

Peters, P. J., and Finley, J. pro tem., concurred.

A petition for a rehearing was denied March 27, 1948, and respondent's petition for a hearing by the Supreme Court was denied April 27, 1948.