[Civ. No. 4516.   Fourth Dist.   June 26, 1953.]

FLORENCE MARY ANDERSON, as Administratrix, etc., Appellant, v. THE CITY OF SAN DIEGO et al., Respondents.

Manasse & Crowley and Betty Aronow for Appellant.

J. F. DuPaul, City Attorney, and Alan M. Firestone, Deputy City Attorney, for Respondents.

BARNARD, P. J.—This is an appeal from a judgment dismissing the action by reason of its not having been brought to trial within five years.

The action was one to terminate a trust, and to quiet the plaintiff's title to five lots in San Diego. It was alleged that by a deed recorded in 1893 the deceased conveyed two of these lots in trust to the defendant city on the condition that it

should forever hold and use said property, and the income thereof, for the purpose of founding and maintaining a home for foundling children; that by a deed recorded in 1894 the deceased conveyed the other three lots in trust to the defendant city to be used for a foundling home, or rented and the income used for that purpose, with a provision that the property should revert to his heirs if the city should at any time use the property or the proceeds thereof for any other purpose; and that the city had violated the conditions in these deeds by failing to use the property or its income for the support and maintenance of a foundlings' home, and by using the property for other purposes.

The complaint in this action was filed on May 9, 1946. An answer was filed on October 11, 1946, the time to answer having been extended by two stipulations and an order. On October 18, 1946, the city gave notice of a motion for permission to withdraw its answer and to file a demurrer. On November 20, 1946, such permission was granted, the answer was withdrawn and a demurrer was filed. At the request of the plaintiff, filed October 22, 1947, the demurrer was set for hearing on November 3, 1947, and on that date it was sustained, the plaintiff being given 20 days in which to amend. An amended complaint was filed on December 31, 1947, joining the attorney general as a defendant, and alleging among other things that Joseph Cook, Sr., died in 1907, that the plaintiff was appointed administratrix of his estate in September, 1945, and that there had been no prior probate proceedings in connection with Cook's estate. The city filed a demurrer to the amended complaint on January 9, 1948. On March 7, 1949, the attorney general filed an answer, together with a cross-complaint against the city of San Diego. On March 8, 1949, plaintiff's attorney telephoned to the city attorney asking that the matter be set for trial. On March 30, 1949, he wrote to the city attorney asking about the status of the litigation. On July 1, 1949, he again wrote the city attorney asking what progress had been made on setting the demurrer for a hearing, and asking that the matter be expedited. On July 18, 1949, he received a letter from the city attorney's office saying they would file an amended demurrer in the next several weeks. In May, 1950, plaintiff's attorney called at the office of the city attorney in San Diego and was told that they would file the amended demurrer. On October 29, 1951, the attorney for plaintiff wrote to the city attorney stating that the administratrix had died and asking for a stipulation for substitution of parties plaintiff. On

October 31, 1951, he was advised that the city attorney's office would not stipulate to such a substitution but that it would not be opposed. On November 19, 1951, notice was filed that on December 17, 1951, the plaintiff would move the court to hear and try the city's demurrer. This motion was filed by different attorneys for the plaintiff, and we find no substitution of attorneys or of the party plaintiff in the record. On November 28, 1951, notice was filed of the defendant city's motion to dismiss the action on the ground that it had not been brought to trial within five years, this motion being also noticed for December 17, 1951. The motion to dismiss was argued on that day, and an order and judgment of dismissal was entered on February 4, 1952.

It is well settled that the five-year provision of section 583 is mandatory when it is applicable (*Andersen* v. *Superior Court,* 187 Cal. 95 [200 P. 963].) It seems to be equally well settled that an implied exception exists when the plaintiff is prevented by causes beyond his control from bringing the case to trial, and that in computing the five-year period the time during which he was thus prevented is to be excluded, whether the handicap results from a lack of jurisdiction in the strict sense or ''because proceeding to trial would be both impracticable and futile.'' (*Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665]; *Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981].) In the Christin case, the inability arose from the fact that an appeal was pending from an order changing the venue and the records had been sent to the appellate court. In the Rose case, a judgment had existed for more than two years, which destroyed the basis for the plaintiff's action and made it futile to proceed until that judgment was reversed or set aside. In the Pacific Greyhound case, one of the defendants was in the military service and had been for some years. It had been orally stipulated that the case remain off calendar until he returned to civilian status, and the record disclosed that both parties considered his presence necessary. In that case, it was held that the question of whether it was impracticable and futile to bring the action to trial within the period was one of fact for the trial court, and its refusal to dismiss the action was sustained.

The appellant's first contention is that the instant case falls within the exception established by the cases just cited, and that it was impossible, impracticable and futile to bring

this case to trial. It is argued that the plaintiff could have done nothing from May, 1946, when the original complaint was filed, to November, 1947, when the first demurrer was sustained; that this period of 19 months must be excluded in the computation of the five-year period; that the appellant could not have set the case for trial since no answer to the amended complaint was ever filed by the city; and that the city's attorney made many promises to file an amended demurrer and to expedite the matter, which were not kept. The matters thus relied on are not sufficient to bring this case within any of the established exceptions, and the record sustains the trial court's finding to that effect. (*Pacific States Corp.* v. *Grant*, 87 Cal.App. 108 [261 P. 1100]; *Rosenfelt* v. *Scholtz*, 17 Cal.App.2d 443 [62 P.2d 381]; *Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Miller & Lux* v. *Superior Court*, 192 Cal. 333 [219 P. 1006]; *Smith* v. *Bear Valley Mill & Lbr. Co.*, 26 Cal.2d 590 [160 P.2d 1].)

It is next contended that the defendant city was estopped from moving for a dismissal by its own conduct. It is argued that the plaintiff's attorney was located in Los Angeles, and relied on the fact that the city's attorneys had stated that they intended to file an amended demurrer and upon various promises of the city's attorneys that they would expedite the matter, which promises were not kept. There was nothing to prevent plaintiff's attorneys from setting the demurrer for hearing, they found very early in the proceeding that such promises, if made, were not being kept, and nothing was done by either party between July, 1949, and October, 1951, except that the former attorney for the plaintiff stated in his affidavit that in May, 1950, he called at the office of the city attorney in San Diego and "was promised that they would file the amended demurrer," and that he wanted to get along with the attorneys and did not wish to rush them. It is well settled that no estoppel, sufficient to avoid the effect of this statute, would result from such conduct. (*Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Elmhurst Packers, Inc.* v. *Superior Court*, 46 Cal. App.2d 648 [116 P.2d 487]; *Breakstone* v. *Giannini*, 70 Cal. App.2d 224 [160 P.2d 887].)

Some contention is made that the hearing of the demurrer to the original complaint constituted a trial, with the result that section 583 is not applicable. It is argued that this is established by the case of *Smith* v. *City of Los An-*

*geles,* 84 Cal.App.2d 297 [190 P.2d 943], which "overruled" *Perrin* v. *Miller,* 35 Cal.App. 129 [169 P. 426], and in effect overruled *Meier* v. *Superior Court,* 55 Cal.App.2d 675 [131 P.2d 554]. The last two cases, and others, establish the rule that the hearing of a demurrer is not a trial, within the meaning of section 583, unless the ruling on the demurrer is a final determination of the rights of the parties. There is nothing inconsistent with this rule in *Smith* v. *City of Los Angeles.* ▮ It has also been held that the filing of an amended complaint does not prolong the time within which the action may be brought to trial. (*Rosefield Packing Co.* v. *Superior Court,* 4 Cal.2d 120 [47 P.2d 716].)

It is further contended that the defendant city holds this property under a trust which has not been repudiated; that the statute of limitations would not begin to run until the trust is repudiated; that the plaintiff would not be precluded from filing another action; and that it follows that the dismissal of the present action would be futile and not in the interest of justice.

▮ Whether or not another action would be barred by the statutes of limitation is in no way controlling. The question presented on such a motion to dismiss is not as to the merits of the cause of action alleged in the complaint, or whether any new action might be brought, but is as to whether the existing action was brought to trial within the statutory time or comes under one of the implied exceptions.

While the appellant produced nothing to show that it would have been futile to take the usual steps which would have led to a trial within the time allowed, it is now argued that it would be futile to dismiss this action since another could be brought for the same purpose. If that were material here, an interesting situation apparently exists. The respondent, in its brief, states that four prior proceedings affecting this matter were brought; that in 1913, the city in a proceeding in the superior court secured an order permitting it to lease two of these lots and directing that the rental be placed in a separate "Foundlings' Home Fund"; that in 1918 this administratrix, personally and with other plaintiffs, filed an action in the superior court alleging that the plaintiffs were the heirs of Joseph Cook, Sr., and that the city had breached this trust, and seeking to quiet their title to the property and to cancel these deeds; that an answer was filed by the city in 1918 and the action was dismissed by the plaintiffs 20

years later, in 1938; that a similar action was filed in 1939; that an answer and a demurrer were filed in 1939, and the action was dismissed by the plaintiffs in 1945; and that a petition to establish heirship was filed in the estate of Joseph Cook, Sr. in 1942 by this administratrix and others, which was dismissed by them in 1945. The appellant calls attention to the fact that the matters thus stated in respondent's brief do not appear in the record, which is true.

It does appear that this action was filed more than 50 years after these deeds were recorded, and nearly 40 years after the grantor died. The cross-complaint filed by the attorney general alleges that the city has paid $600 a year since 1913 into a "Foundlings' Home Fund" as rental for two of the lots; that the other lots have never been rented, and because of changed conditions, are now unsuitable as the site of a foundling home; that sufficient funds are not available to build and maintain a foundling home and the city has been unable to administer the trust except to the extent of accumulating said Foundlings' Home Fund; that the city should be made to account for its use of the property; that a new trustee should be appointed, and some or all of the property should be sold; and that plans should be worked out, through a consolidation with other charities or otherwise, to the end that a foundling home may be established in accordance with the purpose of the trust.

While part of the matters referred to by the respondent are not in the record they may have been known to the trial judge, and there is enough in the record to indicate that if the merits of the action were to be considered, it should be done in a new action presenting the issues in a manner which would better enable them to be decided in accordance with justice and the real rights of all parties. This furnishes an additional reason why it cannot be held that any abuse of discretion appears.

The judgment of dismissal is affirmed.

Griffin, J., and Mussell, J., concurred.