[Civ. No. 13838. First Dist., Div. Two. June 15, 1948.]

THE PEOPLE et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Fred N. Howser, Attorney General, Chas. W. Johnson and William L. Shaw, Deputy Attorneys General, for Petitioners.

Alfred F. Breslauer for Respondents.

DOOLING, J.—Petition for writ of mandate to compel the trial court to dismiss an action pursuant to Code of Civil Procedure, section 583 for failure to bring the case to trial within five years after the filing of the complaint. The complaint was filed January 14, 1942. A motion was made on October 30, 1947, to dismiss the action which was denied by the respondent court on November 5, 1947.

Under Code of Civil Procedure, section 583 the duty of the court to dismiss where the action has not been brought to trial within five years, unless the facts furnish a legally sufficient excuse for the delay, is mandatory and its performance may be enforced by writ of mandate. (*Miller & Lux, Inc.* v. *Superior Court,* 192 Cal. 333 [219 P. 1006]; *Bank of America* v. *Superior Court,* 84 Cal.App.2d 34 [189 P.2d 799]; *Elmhurst Packers* v. *Superior Court,* 46 Cal.App.2d 648 [116 P.2d 487].)

The affidavit in opposition to the motion to dismiss shows the following: that prior to July 5, 1944, certain cases were pending in the Supreme Court involving questions of law which might be controlling in the instant case and that this case was dropped from the trial calendar at the suggestion of defendant's attorney to await the decision of those cases; that those cases were decided on July 5, 1944; that there-

after on November 16, 1944, counsel for plaintiffs wrote a letter to the deputy attorney general in charge of the case for defendant suggesting a basis of compromise; that on November 27, 1944, this deputy replied by letter stating: "We shall look over our file in the above matter and advise you of our conclusions shortly"; that nothing further was heard from the office of the attorney general and on July 24, 1947, counsel for the plaintiffs wrote another letter to the attorney general's office referring to his letter of November 16, 1944, and renewing the offer of compromise.

The last letter was written well after the expiration of the five-year period and may be disregarded. The other facts, under the decisions, show no legal excuse for failure to bring the action to trial within five years. The only legal justification provided in the statute for such failure is a stipulation in writing extending the time of trial. (See Stats. 1933, p. 853; Stats. 1945, p. 2460.) We may disregard the 1947 amendment under which the stipulation in writing is now required to be filed. (Stats. 1947, p. 1715.) The exchange of letters concerning a possible compromise is not a stipulation in writing to extend the time of trial. In *Miller & Lux, Inc.* v. *Superior Court,* 192 Cal. 333, 340 [219 P. 1006] it was said:

"The provision that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and countercharges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties.

"If it be a 'serious question' whether an oral stipulation in open court entered upon the minutes of the court in terms extending the statutory period and thereby expressly recognizing the fact of defendant's right to a dismissal and a waiver of such right would suffice to satisfy the requirements of this section, surely it cannot be said that the mere insistence of the counsel for the defendants that the Turner case precede the other three actions did satisfy the requirements of the section. Such an insistence falls far short of attaining the dignity of an oral stipulation in open court and certainly does not come within the category of written stipulations. The waiver of defendants' right to dismiss and a consent to an indefinite continuance can only be *implied* or *inferred* from such conduct. To hold that this inferential consent is

the same as a written stipulation would be to give to this section a strained construction, which, while it might relieve the harshness of the result in these particular cases, would be to render futile the salutary provisions of this section intended to secure preciseness of practice and procedure. The very harshness of the rule would seem to be intended to put the plaintiff on the *qui vive* to secure irrefutable evidence of the defendant's consent to an extension of the statutory time.''

Similarly in *Bank of America* v. *Superior Court, supra,* 84 Cal.App.2d 34 [189 P.2d 799] we find the following:

''There is a reference to a period during which the respective attorneys either personally or by letter attempted to agree on a statement of facts upon which the case should be submitted, but there is no contention that defendant lulled plaintiff into a sense of security or practiced fraud in agreement on continuances for trial. If sound, this contention would give ground to a claim of estoppel. This does not appear to be a proper ground for making an exception to Code of Civil Procedure, section 583. In *Christin* v. *Superior Court,* 9 Cal.2d 526, at pages 529-530 [71 P.2d 205, 112 A.L.R. 1153], the court considers the contention made by respondent that petitioners' acts 'inducing the plaintiff to allow the cause to go off calendar pending negotiations for settlement, justifies the application of the doctrine of estoppel . . . But estoppel resulting from such conduct does not appear to be a proper ground for creating an exception to the terms of the statute. (See *Miller & Lux* v. *Superior Court,* 192 Cal. 333, 339 [219 P. 1006].)' ''

Legal justification for failing to bring a case to trial within the five-year period has been found in some cases where going to trial is ''for all practical purposes . . . impossible . . . impracticable and futile.'' (*Christin* v. *Superior Court,* 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153] ; *Judson* v. *Superior Court,* 21 Cal.2d 11 [129 P.2d 361] ; *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665] ; *Westphal* v. *Westphal,* 61 Cal.App.2d 544 [143 P.2d 405].) This case falls outside the limits of the exception applied in the last-cited cases. Unconcluded negotiations for a settlement do not render it impossible or impracticable and futile to bring a case to trial.

From the time that the deputy attorney general wrote on November 27, 1944, until January 14, 1947 (the last day of the five-year period) over two years elapsed. The burden of

bringing the action to trial within the five-year period was on the plaintiffs and the failure of the attorney general to communicate further with plaintiffs' attorney about the proposed compromise furnished no sound excuse, let alone legal ground, for their failure to bring their cause to trial within the five-year period.

Let a peremptory writ of mandate issue as prayed.

Goodell, Acting P. J., and Griffin, J. pro tem., concurred.