[Civ. No. 4835.   Fourth Dist.   Sept. 25, 1953.]

BEAUMONT SILVERTON, Petitioner, v. HARRY M. FREE, as County Clerk, etc., Respondent.

Stevenson & Richman for Petitioner.

No appearance for Respondent.

GRIFFIN, Acting P. J.—Petitioner, in a claimed representative capacity of Teamsters Local Union No. 898, brought an action in Imperial County against Valley Transit Cement Company, Inc., a corporation, et al., involving a labor complaint. Defendant in that action answered and denied both generally and specially the allegations of the complaint, and as a part of the prayer asked that plaintiffs take nothing by their complaint and asked for its costs of suit and for such further relief as the court may deem proper.

On June 24, 1953, before trial, the attorney for plaintiff gave written request to the county clerk of that county, respondent herein, to dismiss the action as to all defendants, without prejudice. The clerk notified the attorney for plaintiff that since affirmative relief was sought in the answer "we

ask you to obtain consent of counsel for defendant before dismissal is entered.''

Petitioner brought this proceeding to compel dismissal by the respondent clerk according to the written request. After service of an order to show cause defendant and respondent failed to appear and contest the proceeding.

Section 581 of the Code of Civil Procedure provides that an action may be dismissed by plaintiff by written request of the clerk at any time before the actual commencement of trial, provided a counterclaim has not been set up or affirmative relief sought by cross-complaint or answer.

The answer thus filed did not seek affirmative relief within the meaning of that section. (*Simpson* v. *Superior Court,* 68 Cal.App.2d 821 [158 P.2d 46]; *Estate of Somers,* 82 Cal.App.2d 757 [187 P.2d 433]; *Sullivan* v. *Compton,* 61 Cal.App.2d 500 [143 P.2d 357]; *Lori, Ltd.* v. *Wolfe,* 85 Cal. App.2d 54, 61 [192 P.2d 12]; *Jalof* v. *Robbins,* 19 Cal.2d 233 [120 P.2d 19].)

Mandamus will lie to compel the dismissal of an action where the entry of the dismissal is not subject to any discretionary consideration, and the duty to enter dismissal becomes ministerial. (*People* v. *Superior Court,* 86 Cal.App.2d 204 [194 P.2d 571]; *Kahn* v. *Smith,* 23 Cal.2d 12 [142 P.2d 13].)

Let a peremptory writ of mandate issue as prayed.

Mussell, J., concurred.